**THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| YANIESHA HENDKING, | ) | Case No. |
| | ) | |
| Plaintiff, | ) | |
| | ) | Judge: |
| v. | ) | |
| | ) | **NOTICE OF REMOVAL** |
| CARVANA, LLC; KAYLIE MARTINEZ; | ) | |
| AND BRIDGECREST CREDIT | ) | |
| COMPANY, LLC, | ) | (Removal from the Court of Common |
| | ) | Pleas, Cuyahoga County, Ohio, Case No. |
| Defendants. | ) | CV-22-968153) |
| | ) | |
| | ) | |

Pursuant to 28 U.S.C. §§ 1331, 1441(a), and 1446(a), Defendants Carvana, LLC, Kaylie Martinez, and Bridgecrest Credit Company, LLC (collectively, "Defendants") respectfully submit this Notice of Removal of the above-captioned action, currently pending in the Court of Common Pleas, Cuyahoga County, Ohio (the "State Court Action").  True and complete copies of all process, pleadings, and other documents filed in the State Court Action, including the Complaint and Summons, are attached hereto as **Exhibit 1**.

I.     **This Court Has Federal Question Jurisdiction Over Plaintiff's Truth in Lending Act Claim.**

1.     On August 31, 2022, Plaintiff Yaniesha Hendking ("Plaintiff") initiated the State Court Action by filing a petition for a special emergency injunction.  (*See generally* Exh. 1, Petition.)

2.     On September 1, 2022, Plaintiff filed an amended petition for a special emergency injunction.  (*See generally* Exh. 1, Amended Petition.)

3.      On September 1, 2022, after conducting an ex parte hearing, the Court determined that the Amended Petition did not "establish the right to immediate relief" and ordered the "case to proceed in the normal course."  (*See* Exh. 1, Journal Entry.)

4.      In the Amended Petition, Plaintiff alleges that Defendants violated the Truth in Lending Act ("TILA").  (*See, e.g.,* Exh. 1, Amended Petition at 2 ("Pursuant to 12 CFR 1026.23(b)(1), Truth in Lending Act[,] I was never told I had 3 days to rescind the transaction nor was I given the  notices that come along with all consumer credit transactions."); *see also id.* at 3 (alleging a violation of 12 CFR § 1026.23(d)(1)).)

5.      Pursuant to 28 U.S.C. § 1331, "district courts . . . have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

6.      TILA is a federal statute, and thus claims alleging violations of TILA arise under federal law.  *See* 15 U.S.C. § 1640(e) ("[A]ny action under this section may be brought in any United States district court . . . ."); *Covel v. PNC Bank N.A.*, No. 5:19-cv-2030, 2020 U.S. Dist. LEXIS 4458, at *4 (N.D. Ohio Jan. 10, 2020) ("[P]laintiffs' original complaint . . . alleged a violation of TILA—conferring federal question jurisdiction and rendering the case removable from its inception.").

7.      Accordingly, this Court has federal question jurisdiction over Plaintiff's TILA claim.

**II.     This Court Has Supplemental Jurisdiction Over Plaintiff's State Law Claims, If Any.**

8.      Supplemental jurisdiction exists over "all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy." 28 U.S.C. § 1367(a).

9.      "Courts may exercise supplemental jurisdiction over any state law claim that form[s] part of the same case or controversy as matters arising under original jurisdiction.  Claims

form part of the same case or controversy when they derive from a common nucleus of operative facts.  This requirement is met when state and federal law claims arise from the same contract, dispute, or transaction."  *Packard v. Farmers Ins. Co. of Columbus*, 423 F. App'x 580, 583 (6th Cir. 2011) (internal citations and quotations omitted).

10.     Here, it is unclear what, if any, state law claims Plaintiff is asserting.  (*See generally* Exh. 1, Amended Petition.)  All allegations in the Amended Petition, however, arise out of and relate to Plaintiff's purchase and financing of a vehicle from Defendants, and thus any state law claims arise out of the same "common nucleus of facts" as her TILA claim such that this Court has supplemental jurisdiction over any state law claims.

### III.    Procedural Requirements For Removal Are Satisfied.

11.     Removal is timely pursuant to 28 U.S.C. § 1446(b)(1) because this Notice was filed within 30 days of service of the Amended Petition on Defendants, which occurred on September 6, 2022.  (*See* Exh. 1, Case Docket.)

12.     Venue is proper in this Court because this District and Division embrace Cuyahoga County, the place where the State Court Action is pending.  *See* 28 U.S.C. §§ 1441(a), 1446(a); *see also* Amended Petition (filed in Common Pleas Court of Cuyahoga County, Ohio).

13.     No other defendants have been named in this action, so the consent of other defendants is not necessary for this removal.

14.     Written notice of the filing of this Notice has been served on Plaintiff, who is currently not represented by counsel.

15.     A copy of this Notice has been filed in the State Court Action.

**CONCLUSION**

WHEREFORE, Defendants hereby remove this action from the Court of Common Pleas, Cuyahoga County, Ohio to this Court.

Dated: October 4, 2022

*/s/ Stephen M. Fazio*

Stephen M. Fazio (0076873)
Rebecca W. Haverstick (0066996)
SQUIRE PATTON BOGGS (US) LLP
1000 Key Tower
127 Public Square
Cleveland, Ohio  44114
Telephone: +1 216 479 8500
Facsimile: +1 216 479 8780
stephen.fazio@squirepb.com
rebecca.haverstick@squirepb.com

*Attorneys for Defendants Carvana, LLC,*
*Kaylie Martinez, and Bridgecrest Credit*
*Company, LLC*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that the foregoing was filed on October 4, 2022 using

the Court's CM/ECF System and served via U.S. Express Mail on:

Yaniesha Hendking
5247 Wilson Mills Rd. #1013
Richmond Heights, OH 44143

/s/ *Stephen M. Fazio*
Stephen M. Fazio