## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| Hendking, Yaniesha / Surety / Attorney In Fact ) | Case Number 1:22-cv-01777 |
| ) | |
| Plaintiff ) | Judge J. Philip Calabrese |
| ) | |
| v. ) | |
| ) | **AMENDED COMPLAINT** |
| ) | |
| CARVANA, LLC, et al., ) | FILED |
| ) | |
| Defendants ) | OCT 18 2022 |
| ) | |
| ) | CLERK, U.S. DISTRICT COURT |
| | NORTHERN DISTRICT OF OHIO |
| | CLEVELAND |

### COMPLAINT FOR DAMAGES AND CIVIL LIABILITY

Comes now the plaintiff, Hendking, Yaniesha/ surety, attorney in fact, grantee absolute, files this complaint to amend the case number cv-22-968153 complaint removed from Cuyahoga County Common Pleas Court states as follows:

### PARTIES AND JURISDICTION

1. Plaintiff, Yaniesha Hendking is at the age of majority, was in care of Clark County Nevada during the purchase of the 2018 Mercedes Benz GLC300 the ("Automobile") and recently in the care of Maricopa County Arizona and is now in care of Cuyahoga County Ohio.

2. Defendants are corporations and employees of the corporations headquartered in Arizona except CARVANA, LLC employee Daidre Visser who is or possibly in the state of Nevada in Clark County.

3. This court has subject matter jurisdiction and venue over the claims presented in this complaint on the grounds of the following;

    a. Plaintiff is in the care of Cuyahoga County Ohio.

    b. Pursuant to the Federal Arbitration Act ("FAA"), 9 U.S.C. § 2; there is no actual arbitration agreement between the parties.

c.  Law of Subrogation on the grounds of suretyship; conjointly with the following violations: Denial of Rights Under Color of Law 18 U.S.C § 242 / 42 U.S.C. § 1983, Breach of Contract, Breach of Trust, Breach of Confidence, Breach of Peace; Fair Credit Reporting Act 15 U.S.C. § 1681(a)(4)/ 15 U.S.C. § 1681b(a)/ 15 U.S.C. § 1681b(a)(2), 15 U.S.C. § 1681a(a)/ 15 U.S.C. § 1681a(a)(2)(i), 15 U.S. Code § 1681i(5)(a)(i), 15 U.S. Code § 1681r, 15 U.S. Code § 1692g, 15 U.S. Code § 1692e, 15 U.S. Code § 1692f, 15 U.S. Code § 1692c, 15 U.S. Code § 1692b(4), 15 U.S. Code § 1692b(5), 18 U.S. Code § 1951(b)(3), 18 U.S. Code § 1951a,/ Truth In Lending Act ("TILA") Regulation Z 12 CFR § 1026/ 12 C.F.R. § 1026.23 / 12 C.F.R. § 1026.23(b) /12 C.F.R. § 1026.23(b) 12 CFR § 1026.23(d) / 12 CFR § 1026.4 Notice definition for "Finance Charge" 15 U.S.C. § 1605, 16 CFR § 433.1(i), Consumer Financial Protection Act Section 1029,/ Federal Trade Commission Act ("FTC Act") 15 U.S.C. § 45 (a)(1) Section 5, Sherman Antitrust Act 15 U.S.C. § 1,/15 U.S. Code § 1692d, 18 U.S. Code § 1028(a)(2), 15 U.S. Code § 6821(a), 18 U.S. Code § 894(a)(1), 18 U.S. Code § 894(a)(2). 18 U.S. Code § 894(6), 18 U.S. Code § 893

## BREACH OF CONTRACT/TRUST/CONFIDENCE/PEACE, EXTORTION, NEGLIGENCE, DEPRIVATION, THREATS, OPPRESSION, FRAUD, ANTITRUST, FALSE AND MISLEADING, DEFORMATION

1.  Plaintiff applied to extend consumer credit and not a loan via the credit application on CARVANA, LLC website www.carvana.com and believes the transaction date to be May 29th<sup>st</sup> 2021 for personal, family, and household purposes.
2.  CARVANA, LLC extorted by way of a deceptive practice a cash down payment within a credit transaction that plaintiff paid June 3rd 2021 in the amount of two thousand dollars.
3.  If Carvana wished for a down payment the down payment should have been added to the finance charge.

4. Plaintiff initially purchased 2017 Mercedes Benz GLA250 and picked it up at the Carvana vending machine hub located at 3720 Morgan Cashman's Way Las Vegas Nevada 89111 and traded in a 2010 Lexus Rx450h Hybrid on the day of June 2nd 2021.

5. Plaintiff physically signed all documentation for the transaction inside the hub and received a copy of the documents in a nice blue Carvana folder.

6. Plaintiff rescinded contract/automobile/transaction for the 2017 Mercedes Benz GLA250 on June 7th 2021 and placed the order for the 2018 Mercedes Benz GLC300.

7. June 15th 2021 Plaintiff returned the 2017 Mercedes Benz GLA250 within the agreed mileage with normal wear.

8. Prior to arrival on June 15th 2021 at the same location Plaintiff texted Defendant Daidre Visser insurance card which obtained address for Arizona and a photo ID to the number 88132 as he so requested in an email at 3:40pm this day. **See Exhibit 1**

9. June 15th 2021 Plaintiff purchased and received the 2018 Mercedes Benz GLC300. Plaintiff understands that this initiated new terms and conditions as the previous 2017 automobile contract was terminated making no agreements transferable and the right to assume is not applicable in contract law.

10. On June 15th 2021 Plaintiff did not sign and give consent to any arbitration agreement as previously done on June 2nd 2021 for the 2017 Mercedes Benz GLA250.

11. On June 15th 2021 Plaintiff was verbally told by Daidre Visser that Plaintiff did not have the right to rescind the contract on the grounds that Plaintiff rescinded the contract for the 2017 GLA250 automobile. A direct violation of 12 CFR § 1026.23(b)(1).

12. June 7th 2021 Plaintiff informed Carvana employee Valentina at 9:55pm that Plaintiff was relocating to Tempe Arizona by text as Plaintiff was considering delivery of the 2018 Mercedes to be delivered there instead of the Las Vegas hub. **See Exhibit 2**

13. Plaintiff informed Carvana again of relocation to Arizona June 28th 2021 by text at 12:57pm to Digital Communications Team and was told after a vehicle is delivered Carvana could not

change the registration address only update the mailing address and requested for insurance be changed to Nevada. **See Exhibit 3**

14. Plaintiff informed the agent that was not acceptable and urged a resolution.
15. Plaintiff was told over the phone that a rebuild would be submitted in July by an employee of Carvana who name Plaintiff believe to be named Stephanie.
16. Plaintiff allotted Carvana time as they stated it could possibly take up to 90 days to rebuild.
17. September 29th 2021 4:02pm that they would ask about the original rebuild ticket and try and contact the agent first. **See Exhibit 4 for Numbers 17-20**
18. September 30th 2021 at 10:37am Plaintiff was told by text that another request to rebuild registration would be submitted for Arizona.
19. This employee also attempted to confirm with the agent who Plaintiff believes to be named Stephanie about the rebuild request that she should have submitted, but to no avail.
20. September 30th 2021 at 12:41pm Plaintiff was told that Plaintiff would receive a check for two hundred and fifty dollars for the inconvenience.
21. Carvana continuously sent request for action requesting documentation that they received June 15th 2021 and even with the rebuild request submitted they still sent inquiries for proof of insurance that became a nuisance. **See Exhibit 5**
22. Plaintiff believes to have submitted requested insurance info into the dashboard on Carvana website. Plaintiff's access to dashboard ceased.
23. October 25th 2021 Plaintiff inquired for status on the two hundred fifty dollar gift and the status of registration as the current "TOP" had expired. **See Exhibit 6**
24. Plaintiff was informed by the employee that rebuilds can take up to 60 to 90 days and that they would request one hundred fifty dollars gift to compensate.
25. Plaintiff received a check for one hundred fifty dollars and not the two hundred and fifty dollars.
26. The agent offered five hundred dollars in rental reimbursement and plaintiff received it.
27. Plaintiff had no operating tags for the 2018 Mercedes Benz for about two weeks.

28. Carvana issued under penalty and perjury by way of affidavits 2-3 90 day nonresident "TOPs" affirming that Plaintiff was to register the 2018 Mercedes out of Arizona in 90 days each time. **See Exhibit 7**

29. Carvana and nor Bridgecrest never provided registration or a title or MCO for 2018 Mercedes.

30. Plaintiff mailed to Bridgecrest notice of recent discoveries/notice of rescission/notice of violations and demand for remedy January 13th 2022 **(See Exhibit 8)**

31. Plaintiff mailed a response dated January 31st 2022 to Bridgecrest letter dated January 21st 2022 affirming her rights to rescission that Bridgecrest claimed the account was active and verified and Plaintiff still owed. **(See Exhibit 9)**

32. Bridgecrest sent a response RE: Your inquiry dated January 31st 2022 stating Plaintiff "protests" were irrespective and Plaintiff still [owed all amounts] and Plaintiff's letters had no legal impact on the [binding agreement entered with Bridgecrest] and required all payments. Conjointly requesting to not send future correspondence of this nature to Bridgecrest. **(See Exhibit 10)**

33. Plaintiff mailed a letter titled ********SILENCE IS ACQUIESCENCE******* obtaining attempts to correct inaccurate/fraudulent information being reported and to disclose all documents they were relying on for the reported account as they were violating "FCRA" 15 U.S.C § 1681g, 18 U.S.C § 1028, 15 U.S.C § 1681(2)(a)(i), Notice of Rescission, attempt to discover physical verification of the original signed consumer contract with a disclosure that copies of copies are not Validation and by law are not considered proof. Along with Plaintiffs intentions for filing for title, Warning for attempts to repossess, and their obligation as holder in due course **(See Exhibit 11)**

34. February 11, 2022 Plaintiff emailed Bridgecrest customer service their legal department/resolution department and CEO copied. **(See Exhibit 12)**

35. Carvana received "Notice of Rescission" March 14th 2022 at their headquarter in Tempe Arizona. See Exhibit "Mailing Affidavit" / **See Exhibit 13**

36. Carvana seller dealership received "Notice of Rescission" March 21st 2022 in Winder Georgia. See Exhibit "Mailing Affidavit" **See Exhibit 13**

37. As of March 14th 2022 Carvana had 20 days to return all money and property to Plaintiff pursuant to 12 CFR § 1026.23(d)(2).

38. March 16th 2022 Plaintiff emailed the following to Bridgecrest CEO, CFO, and legal team including Carvana CEO, CFO, and their legal team: **(See Exhibit 14)**

**NOTICE** SEE ATTACHED THE FOLLOWING:

MY RESPONSE TO Sandra B. Wick Mulvany

**COLOR OF LAW VIOLATION WARNING/LEGAL NOTICE AND WARNING/DENIAL OF RIGHTS UNDER COLOR OF LAW**
TWO NOTICE OF RESCISSION DOCUMENTS
IRS FORMS 2848 & 56
COMMON LAW COPYRIGHT NOTICE
TRADEMARK
NOTICE OF RESCISSION OF SIGNATURES
POWER OF ATTORNEY
SPECIAL POWER OF ATTORNEY
BENEFICIAL OWNERSHIP
NOTICE OF FEE SCHEDULE
MAIL CORRESPONDENCES

39. Plaintiff received a letter dated March 16th 2022 from Bridgecrest's Director, Corporate Counsel Sandra B. Wick Mulvany **(See Exhibit 15)** with discriminatory allegations, denied entitlement to rights/demands, stated Bridgecrest would continue to report what has been reported to credit bureaus.

40. Plaintiff mailed COL form "Violation Warning Denial of Rights Under Color of Law addressed to Ernest Garcia III Carvana CEO, Mark Jenkins Carvana CFO, Mary Phillips Bridgecrest CEO, Dan Gaudreau Bridgecrest CFO and Sandra B. Wick Mulvany Bridgecrest Director, Corporate Counsel. **See Exhibit 34**

41. Plaintiff rebutted Sandra Director, Corporate Counsel with letter dated April 2nd 2022 making her aware of the two partners conspiring and depriving acts against her. Withal the letter stated facts about the fraudulent and negligent events pursuant to "TILA" Regulation Z and "FCRA" within the transaction/account for the 2018 Mercedes Benz **(See Exhibit 16)**

42. As of April 3rd 2022 Plaintiff became entitled to the 2018 Mercedes Benz as Carvana failed to respond.

43. Affidavit For Verification of Debt and Affidavit of Demand For Proof of Vehicle Ownership which letters are dated April 20th 2022 and (with the possibility of the letter dated April 19th 2022 Demand For Title Ownership Verification) were all believe to be mailed certified to Corporation Service Company a registered agent for Bridgecrest and Carvana. **(See Exhibit 17)**

44. April 9th 2022 a third party named C.C.I left a hanging postcard on my front door attempting to initiate a repossession of 2018 Mercedes Benz that lawfully vests with the plaintiff. Violation of 1692b(4). **See Exhibit 18**

45. C.C.I was contracted by Bridgecrest unlawfully with deception which caused immense trauma that still lingers until this day for the Plaintiff. Violation of 18 U.S.C § 241.

46. Bridgecrest breached Plaintiff's peace and confidence.

47. April 11th 2022 Plaintiff made a payment of one thousand five hundred thirty eight dollars to Bridgecrest to cease the repossession in an attempt to protect the livelihood of her family under threat and duress with wishful thinking that her Notice of Rescission would be acknowledged. **See Exhibit 19**

48. Plaintiff's rights were continuously being denied/deprived.

49. April 20th 2022 at 12:45pm Carvana's employee Taylor Schmidgall stated the following unfair and deceptive statements via email: **(See Exhibit 20)**

Yaniesha,

Thank you for taking the time to speak with me today regarding your vehicle purchase with Carvana. Below is an overview of the information I provided you.

Currently the loan on the 2018 Mercedes Benz- VIN WDC0G4KB6JV098290 is active and you are legally responsible for making the monthly payments. If payments are not made you are subject to the Bridgecrests non-payment process that can lead to repossession of the above-mentioned vehicle.

An MCO/MSO is not available for the vehicle as it is a used automobile, these are only available for new vehicles.

Your 7-day money-back guarantee was completed thus completing the sale of the vehicle and closing the window to rescind the loan and contracts.

Additionally, in order for us to complete registration, we need to finish rebuilding your contracts with the correct address. At this time since the loan payments are in a delinquent status, we are unable to proceed with our rebuild and registration process until the account no longer shows deliquent.

Feel free to respond if you feel that I have missed any information I provided to you.

> 50. Bridgecrest mailed electronic copy of contract dated April 26, 2022

> 51. April 26th 2022 at 5:38pm Plaintiff emailed the following response: **(See Exhibit 21)**

> Tammy, (Plaintiff made an error this message was for Taylor)

It's unfortunate the position you are in aiding in conspiring against my federally protected rights as a consumer. However, what you provided does not lawfully apply.

To rebut and reiterate:

1. I did not apply for a loan I applied to extend my consumer credit via the use of my credit card/social security number

2. There should have never been ANY monthly payments initiated as I extended my own credit

3. Carvana will be responsible for Bridgecrest's actions if attempts to collect payments are continued to be expressed and unlawful reporting to the credit reporting agencies. In addition, with any assignment to repossession, Carvana will be charged per my fee schedule that they are a holder of.

4. Can you prove with my WET INK signature that Carvana provided me with a conspicuous notice for my right to rescind the alleged contract for the 2018 automobile with the correct date? An E-Signature does not suffice as evidence as anyone could have applied that.

5. MSO/MCO are not for only new vehicles. As alleged owners you should have it or acquire it from Mercedes Benz personally.

6. Although I have revoked power of attorney and you are not to register my automobile. What law are you operating under to state that you can not continue with the rebuild of registration for lack of payment when you are required by law to register it within a certain time frame? Carvana is not above the law state or federal.

7. Carvana has breached contract for their violations. Carvana is a traitor to truth according to Truth In Lending Act.

Withal, with a high amount of stress and frustration the Notice of Rescission has been in effect. I am expecting response BY MAIL to my notices and affidavits. It is required. This email will not stand to have legal effect. (Plaintiff was referring to Taylor's email not having legal effect.)

52. May 13th 2022 Kaylie Martinez emailed Plaintiff at 2:01pm agreeing to return all money paid and remove the tradeline only if Plaintiff returned vehicle. **Refer to Exhibit 22**

53. Plaintiff rejected offer and informed Kaylie that Carvana was no longer entitled to the 2018 Mercedes Benz as it lawfully vested with her on May 13th 2022 at 7:06pm. **See Exhibit 23**

54. Kaylie and Carvana again went silent.

**55.** Silence is Acquiescence. People v. Cihak, 169 Ill. App. 3d 606 (1988)

56. May 18th 2022 Plaintiff mailed United States Postal Service registered mail her and Kaylie's correspondence via email conjointly with an Affidavit Notice of Facts with attention to CARVANA, LLC and its agents/BRIDGECREST CREDIT COMPANY, LLC and its agents where Plaintiff stated the following: **(See Exhibit 13)**

1. The parties mentioned have become trustees as they received money to be applied for a particular purpose and since they did not apply it accordingly they became trustees and answerable to the owner of the money for breach of trust.
2. Breach of Contract/Violation of "TILA" Regulation Z
3. Breach by Daidre Visser; verbally stating Plaintiff could not rescind
4. Title owner on the 2018 Mercedes Benz which is Ray Catena Dealership in New Jersey
5. Failure to provide registration timely
6. Antitrust violation
7. Do not continue to trespass trust property
8. Cease and Desist negative account to credit report

57. May 27th 2022 at 4:10pm Plaintiff emailed/filed a complaint to the Fededral Trade Commission Antitrust Division and copied Kaylie Martinez, Daniel Gaudreau Bridgecrest CFO, Mary Phillips Bridgecrest CEO, Ernest Garcia III Carvana CEO, Mark Jenkins Carvana CFO, Carvana's legal team and Bridgecrest's legal team. **See Exhibit 24**

58. June 10th 2022 at 6:13pm Plaintiff emailed Kaylie again informing her that Plaintiff have been to Carvana's headquarters in attempt to see her in person since she was not responding or attempting to resolve the matter since Plaintiff rejected their offer and that I was disturbed by her silence. **See Exhibit 25**

59. When Plaintiff arrived at Carvana headquarters in Tempe Arizona one of the two employee at reception messaged Kaylie that I was there to see her. From what they told the Plaintiff she did not respond to their messages.

60. June 13th 2022 at 1:00pm Kaylie Martinez emailed and stated that Plaintiff blatantly rejected their offer and at this time it was unsure of how Plaintiff would like to proceed. **See Exhibit 26**

61. Kaylie also made an untrue statement that Plaintiff was not interested in a resolution within the email on the June 13th 2022. **In Exhibit 26**

62. February 14th 2022 Plaintiff already had given permission to be contacted on or around the date to the employee Mardry at Bridgecrest over the phone.

63. Kaylie conjointly mentioned that the offer still stood contingent until the return of the automobile that Carvana was no longer entitled to.

64. Bridgecrest mailed a letter dated June 20th 2022 concluding to please reach out to Carvana for resolution.

65. June 21st 2022 at 5:04pm Plaintiff responded via email to Kaylie Martinez agreeing that their offer was rejected and stated the following: **(See Exhibit 27)**

"I stated clearly and conspicuously how I wished to proceed. I never indicated I did not wish for a resolution. I said that your offer was not an equitable form of redemption. You stated that you were in possession of my demands. Therefore you know the resolution I desire. You are also in possession of the most recent correspondence pertaining to CARVANA'S breach of trust.

Also, you mistakenly mention that I have requested to not be contacted when I clearly stated to not contact me regarding "payments" for a contract that I have voided as the consumer who is being violated continuously by CARVANA and BRIDGECREST. I also gave permission to be contacted on a number of occasions. You also did not Not contact me with your offer. What was different there that allowed you permission to contact me if you believe I stated to not contact me? Let's be real and accountable here.

To make it conspicuously clear within this message for you Kaylie what I am expecting:

1. Delete the tradeline from my consumer report without prejudice forever.
2. Send my MSO/MCO as I do not wish for CARVANA/BRIDGECREST to register my automobile as I am a Private American National Civilian and at the age of majority to handle my affairs myself.
3. Remove the lien.
4. Cease and desist attempts to collect on a voided contract without prejudice forever.
5. Acknowledge the fraud you are siding with and accept my discovery of and how you should proceed lawfully.
6. I am not returning the automobile that lawfully vests with me and is now held in private trust. Carvana had the chance to acquire the automobile within 20 days of receipt of the notice and failed to do so. It is no longer an option.
7. Return all the funds paid to date for fraud and violation committed.

As I am private I prefer to handle this privately without any outside parties, but that will be entirely up to you based on how you choose to proceed. I do not wish to be continuously be harassed and violated regarding this matter.

I expect contact from you Kaylie regarding this message.

      66. June 29th 2022 Plaintiff emailed Kaylie Martinez and stated the following: **(See Exhibits 28)**

Hi Kaylie,

It has been over a week with no response from you. Are you processing?

      67. July 5th 2022 Plaintiff emailed Kaylie Martinez the following message: **(See Exhibit 29)**

Good Day Kaylie,

I attempted to reach you over the phone at Carvana today and the agent Ciara relayed to me that you told her contact is only done via email.

I've been emailing you attempting to get this solution resolved in private, but you seem to be refusing to respond.

I'm looking forward to your response to resolve this ongoing situation soon.

      68. Plaintiff mailed Notice of Subrogation letter dated July 25th 2022 **(See Exhibit 30)**

69. Plaintiff alleges that Defendants mentioned including their attorney Gregory Saetrum are Antitrust.

70. Plaintiff alleges Gregory Saetrum is Antitrust because Plaintiff grasped that Gregory did not want to acknowledge and accept the laws presented to him which conspicuously spoke facts directly from the Consumer Financial Protection Bureau deliberately magnify how Carvana breached trust and how "TILA" applied to the transaction practically denying Plaintiffs right to rescind the transaction.

71. Defendants attorney Gregory Saetrum emailed response to complaint **(See Exhibit 31)**

72. In Plaintiff's response to Gregory Plaintiff **(See Exhibit 32)** copied and pasted direct links to www.consumerfinance.gov that would clarify his misunderstanding of "TILA" Regulation Z as both parties went over the links together and Gregory "attorney" still denied applicability.

73. Plaintiff responded to Gregory's response to complaint filed in Cuyahoga County Common Pleas Court which included statements that were:
    1. Defaming to Plaintiffs character
    2. Antitrust
    3. Disregarding trespass against a trust
    4. Causing more harm and distress with their tone and delivery within the email
    5. Allegedly sent to deceive and manipulate the Plaintiff with false information to accept their offer that they are not bestowed with the power to do so as the automobile vests lawfully with Plaintiff and the account/contract has been terminated since April 3rd 2022.

74. Plaintiff acknowledges that the initial notice of rescission may have not been substantial enough as Plaintiff only sent notice to Bridgecrest alone and not Carvana.

75. Plaintiff will accept Notice of Rescission effective date April 3rd 2022 if the judge orders so.

76. Plaintiff was impressed by the notice of the two corporations Bridgecrest and Carvana being partners. "Notice to the Agent is Notice to the Principal Notice to the Principal is Notice to the Agent". **See Exhibit 36**

77. **See Exhibit 37** For DocuSign examples for E-signing contracts

**Relief:**

1. Plaintiff desires the right to be subrogated as surety and declares all money accumulated from the unrestricted endorsed instrument including if applicable the contract for 2017 Mercedes Benz GLA250 in conjunction with the 2018 Mercedes Benz GLC300.
2. Plaintiff desires this honorable court to consider the history of Carvana and Bridgecrest based on their reviews, court cases and complaints. **See Exhibit 35**
3. Equitable Restitution: Return of all money paid plus late payments including the trade in Lexus RX450h 2010 or it's sold amount or value amount whichever is greater. **See Exhibit 19 and 37**
4. Damages/Civil Liability:
    i. Civil Liability pursuant to 15 U.S.C § 1640
    ii. Civil Liability pursuant to 15 U.S.C § 1692k
    iii. Civil Liability pursuant to 15 U.S.C § 1681n
    iv. Antitrust Liability for violations 15 U.S.C. § 45 (a)(1) Section 5, Sherman Antitrust Act 15 U.S.C. § 1
    v. Urgent Care/Medications/Treatment
    vi. Loan Denial
    vii. Emotional Damages
    viii. Promise to Pay $150
    ix. Education/Consultations
    x. Trespass to Credit Report **See Exhibit 37**

Sum Amount Three Million, Sixty-Nine Thousand, Three Hundred And Eighty-Seven and 16/100 as of October 18, 2022 not yet including any funds made from selling contracts due to unrestricted signature or whatsoever is to be discovered. This amount increases ten thousand dollars per day until court hearing date and may be subject to addition fees at Plaintiff's discretion for damages.

page 14

Honorably Submitted,

By: [signature]

By: Hendking, Yaniesha-P/Surety/Grantee Absolute All Rights Reserved
c/o 5247 Wilson Mills Rd #1013
Richmond Heights Ohio [44124]
2166479989

page 14

## EXHIBIT LIST AND DESCRIPTION

1. EXHIBIT 1 — No. 8 on complaint: Text from Plaintiff for Defendant Daidre Visser
2. EXHIBIT 2 — No. 12 on complaint: Text between Plaintiff and Valentina about changing delivery location
3. EXHIBIT 3 — No. 13 on complaint: Text between Plaintiff and Carvana employee about registration
4. EXHIBIT 4 — No. 17-20 on complaint: Text between Plaintiff and Carvana employee on the status of registration
5. EXHIBIT 5 — No. 21 in Emails from Carvana requesting the information they received June 15th 2021 See Exhibit 1
6. EXHIBIT 6 — No. 23 in complaint Plaintiff inquired on monetary gift for compensation
7. EXHIBIT 7 — No. 28 in complaint Defendant Carvana Affidavit for "TOP"
8. EXHIBIT 8 — No. 30 in complaint Plaintiff First Notice of Rescission to Bridgecrest letter dated January 13 2021
9. EXHIBIT 9 — No. 31 in complaint Plaintiff mailed response to Brigdecrest letter dated January 31 2021
10. EXHIBIT 10 — No. 32 in complaint Bridgecrest sent a response RE: Your inquiry dated January 31st 2022
11. EXHIBIT 11 — No. 33 in complaint Plaintiff mailed a letter titled ********SILENCE IS ACQUIESCENCE*******
12. EXHIBIT 12 — No. 34 in complaint Plaintiff emailed Bridgecrest customer service with their legal department/resolution department and CEO copied.
13. EXHIBIT 13 — Mailing Affidavit
14. EXHIBIT 14 — Plaintiff emailed the following to Bridgecrest CEO, CFO, and legal team including Carvana CEO, CFO, and their legal team. Including County filed Documents.

15. EXHIBIT 15    No. 39 in complaint Plaintiff received a letter dated March 16th 2022 from Bridgecrest's Director, Corporate Counsel Sandra B. Wick Mulvany
16. EXHIBIT 16    No. 40 in complaint Plaintiff rebutted Sandra Director, Corporate Counsel with letter dated April 2nd 2022
17. EXHIBIT 17    No. 41 in complaint Affidavit For Verification of Debt and Affidavit of Demand For Proof of Vehicle Ownership which letters are dated April 20th 2022 and (with the possibility of the letter dated April 19th 2022 Demand For Title Ownership Verification)
18. EXHIBIT 18    No. 43 in complaint C.C.I left a hanging postcard on my front door
19. EXHIBIT 19    Payments made to Bridgecrest
20. EXHIBIT 20    No. 48 in complaint Carvana's employee Taylor Schmidgall email
21. EXHIBIT 21    No. 49 in complaint Plaintiff emailed the following response to Taylor
22. EXHIBIT 22    No. 50 in complaint Kaylie Martinez emailed Plaintiff
23. EXHIBIT 23    No. 51 in complaint Plaintiff rejected offer
24. EXHIBIT 24    No. 55 in complaint Plaintiff emailed/filed a complaint to the Fededral Trade Commission Antitrust Division and copied Kaylie Martinez, Daniel Gaudreau Bridgecrest CFO, Mary Phillips Bridgecrest CEO, Ernest Garcia III Carvana CEO, Mark Jenkins Carvana CFO, Carvana's legal team and Bridgecrest's legal team.
25. EXHIBIT 25    No. 56 in complaint Plaintiff emailed Kaylie again informing her that Plaintiff have been to Carvana's headquarters
26. EXHIBIT 26    No. 58 in complaint Kaylie Martinez emailed and stated that Plaintiff blatantly rejected
27. EXHIBIT 27    No. 62 in complaint Plaintiff responded via email to Kaylie Martinez
28. EXHIBIT 28    No. 63 in complaint Plaintiff emailed Kaylie Martinez
29. EXHIBIT 29    No. 64 in complaint Plaintiff emailed Kaylie Martinez
30. EXHIBIT 30    No. 65 in complaint Plaintiff mailed Notice of Subrogation
31. EXHIBIT 31    No. 68 in complaint letter from Defense attorney Gregory Saetrum

*page 3 of 3*

32. EXHIBIT 32   No. 69 in complaint Plaintiff response to Gregory Saetrum
33. EXHIBIT 33   COL form warning
34. EXHIBIT 34   Itemized Damages/Civil Liability
35. EXHIBIT 35   History and Reputation of Carvana and Bridgecrest
36. EXHIBIT 36   Carvana and Bridgecrest partnership
37. EXHIBIT 37   Pertaining Lexus RX450h "the trade in"

By: *[signature]*

*page 3 of 3*