FILED

OCT 3 1 2022

CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF OHIO
CLEVELAND

**THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| Hendking, Yaniesha-P/surety,<br>attorney in fact, grantee absolute | ) | Case Number 1:22-cv-01777 |
| | ) | |
| | ) | Judge J. Philip Calabrese |
| Plaintiff | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| | ) | |
| CARVANA, LLC, et al., | ) | |
| | ) | |
| Defendants | ) | |

**PLAINTIFF'S REPLY IN SUPPORT OF OPPOSITION TO DEFENDANTS' MOTION TO COMPEL ARBITRATION**

Defendants reply in support of motion to compel arbitration is a reaching one. It is overwhelmingly disturbing for the Plaintiff to continuously see the Defendants' and their attorneys' not conforming to what is right and Plaintiff allege they are submitting documentation disrespectfully.

Plaintiff asserts that the arbitration agreement that Carvana alleges is enforceable is false. It is fact that Plaintiff did not sign an arbitration agreement for the 2018 GLC300 Mercedes Benz automobile. An agreement not made is not enforceable. An agreement fraudulently made is not enforceable. Plaintiff only signed with wet ink signature an arbitration agreement for the first automobile that Plaintiff rescinded, a 2017 Mercedes Benz GLA250.

Defendants state that Plaintiff has not provided proof that Plaintiff did not sign, but the only burden of proof is on the Defendants. Defendants have failed to provide an actual document with Plaintiffs wet ink signature agreeing/consenting to electronic signature and arbitration agreement.

The DocuSign Certificate of Completion that the Defendants filed does not show Plaintiff being invited to review any documents and it is incompetent evidence and not inculpatory. Plaintiff alleges

Page **1** of **5**

Carvana is purposefully withholding details that will prove that Plaintiff did not sign an arbitration agreement for the 2018 Mercedes Benz and that an employee of Carvana which likely may be Daidre Visser have forged Plaintiffs electronic signature without consent given from Plaintiffs wet ink signature. If Carvana would have provided the envelope history instead of solely the certificate of completion it would show that Carvana did not send an invitation to Plaintiffs email almost_nursing@ymail.com. Plaintiff alleges that Carvana is lying to deceive this honorable court. Conjointly, Plaintiff reads contracts before signing them which takes time. The DocuSign Certificate of Completion shows that the documents were all signed within thirty four seconds.

Plaintiff honorably requests this honorable court to acknowledge the IP address on the DocuSign Certificate of Completion defendants submitted. Notice Plaintiff exhibit 44 which contains the IP address location coordinates. Plaintiff was in care of Henderson Nevada. The coordinates are at the Carvana hub at 3720 Morgan Cashman's Way Las Vegas 89111. This proves Plaintiff did not participate in this electronic signing transaction within DocuSign and this shows improper, fraudulent, deceptive conduct by Carvana and Defendants' motion to compel arbitration should not be granted and must be denied expeditiously so that Plaintiff can move pass this over a year long heavy burden and grief with the Defendants.

Notice the Defendants are lingering on electronic signatures being valid and enforceable, but they are not enforceable without one's consent. Plaintiff never gave consent. However, the issue is not entirely of its validity but of its actual existence. Plaintiffs complaint falls within the jurisdiction of this honorable federal district court and arbitration is not an option that the Plaintiff consents to partake in. Plaintiff does not consent to being compelled to do what is not required of Plaintiff to.

Plaintiff has proven fraud, antitrust, deceptive practices, trespass, breach of peace, breach of contract, breach of trust, breach of confidence, harassment and more of the like in Plaintiffs complaint

Page **2** of **5**

accompanied over forty exhibits bearing proof of improper conduct, defamation, and depravation and more thereof.

Plaintiff primary contention is not that Defendants violated the Truth In Lending Act ("TILA"). The following are violations by the Defendants:

Denial of Rights Under Color of Law 18 U.S.C § 242 / 18 U.S.C § 241 / 42 U.S.C. § 1983, Breach of Contract, Breach of Trust, Breach of Confidence, Breach of Peace; Fair Credit Reporting Act 15 U.S.C. § 1681(a)(4)/ 15 U.S.C. § 1681b(a)/ 15 U.S.C. § 1681b(a)(2), 15 U.S.C. § 1681a(a)/ 15 U.S.C. § 1681a(a)(2)(i), 15 U.S. Code § 1681i(5)(a)(i), 15 U.S. Code § 1681r, 15 U.S. Code § 1692e, 15 U.S. Code § 1692f, 15 U.S. Code § 1692f(1), 15 U.S. Code § 1692f(7), 15 U.S. Code § 1692f(8), 15 U.S. Code § 1692c, 15 U.S. Code § 1692b(4), 15 U.S. Code § 1692b(5), 15 U.S. Code § 1692d, 15 U.S. Code § 1692e(2)(A), 15 U.S. Code § 1692e(5),  15 U.S. Code § 1692e(8), 15 U.S. Code § 1692e(10), 18 U.S. Code § 1951(b)(3), 18 U.S. Code § 1951a,/ Truth In Lending Act ("TILA") Regulation Z 12 CFR § 1026/ 12 C.F.R. § 1026.23 / 12 C.F.R. § 1026.23(b) /12 C.F.R. § 1026.23(b)  12 CFR § 1026.23(d) / 12 CFR § 1026.4 Notice definition for "Finance Charge" 15 U.S.C. § 1605, 16 CFR § 433.1(i), Consumer Financial Protection Act Section 1029,/ Federal Trade Commission Act ("FTC Act") 15 U.S.C. § 45 (a)(1) Section 5, Sherman Antitrust Act 15 U.S.C. § 1, /, 18 U.S. Code § 1028(a)(2),  15 U.S. Code § 6821(a), 18 U.S. Code § 894(a)(1), 18 U.S. Code § 894(a)(2).

Defendants must be misinformed that "TILA" only applies to credit transactions 'in which a security interest . . . is or will be retained or acquired in any property which is used as the principal dwelling of the person to whom credit is extended.''')., but, it is true that the 2018 Mercedes Benz GLC300 is retained inside the garage of my principal dwelling which Carvana and its affiliates/associates have a security interest in? Withal, "TILA" **Regulation Z** to be conspicuous applies to all credit transactions which the Plaintiff kindly shared this link https://www.consumerfinance.gov/rules-

policy/regulations/1026/1/ showing Gregory Saetrum Defendants attorney how Plaintiff has the right to rescind. See Plaintiffs exhibit 32.

Defendants attorney Stephen/Rebecca have excessive jargon pertaining to an agreement that does not exist. If an agreement does not exist how much can Plaintiff assert besides it does not exist and only can request for actual evidence that it exists which still has not been provided. Discussing any provision of the allegedly consented to arbitration agreement is irrelevant. Plaintiff did not consent. We, all parties are in the right jurisdiction and venue of this Court and should remain. Although Plaintiff submitted complaint to Cuyahoga County Common Pleas Court Plaintiff conjointly had intentions on filing in federal court for additional reasons at a future date. Now that we are here Plaintiff presents what is for the jurisdiction and venue of this Court. Plaintiff did not feel the need to mention an arbitration agreement within initial complaint for obvious reasons for filing in Court and not initiating arbitration. Plaintiff believes it will benefit the public to know the doings of Carvana and Bridgecrest and arbitration is what they are aiming for to hide their unclean hands.

Herewith this motion Plaintiff honorably requests this court to acknowledge amended complaint without leave including exhibits as Plaintiffs intention is to get justice and not to deceive or harm anyone. Stephen/Rebecca claims Plaintiff asserted for the first time that consent was not given by a signature is false. Plaintiff respectfully disclosed this to Gregory Saetrum who initiated contact with Plaintiff first by email. See exhibit 32. It is not an insufficient allegation it is a fact. Therefore arbitration is not an option. Plaintiff also requests for this honorable Court to gently consider Plaintiff is pro se in this matter and has suffered a great deal and had been vigilant with communication with Defendants in this matter for a resolution Plaintiff is lawfully entitled to and not by halves.

Stephen/Rebecca states that "Plaintiff cannot fabricate a dispute through an unsupported allegations that contradict her prior sworn statement". However, Plaintiff believed to the best of

Page **4** of 5

knowledge that Plaintiff was simply giving notice and covering all bases within Plaintiffs power to do when serving notice of rescission. As consumer and natural person Plaintiff has the power to execute by consenting and revoking as seen fit.

Stephen/Rebecca also states that "Plaintiff may not create issues of fact with self-serving statements in her affidavit that are inconsistent with her [prior] testimony." Plaintiff was not in Court regarding this matter and has not given a testimony under oath... yet.

If an arbitration agreement was consented to the amount of duress and fraud committed within the span of over a year by the Defendants it would easily void the agreement entirely pursuant to the Federal Arbitration Act.

## Conclusion

For the obvious foregoing reasons, Plaintiff requests that this honorable Court deny Defendants Motion to Compel and set a date for a hearing as Plaintiff has suffered long enough from the unlawful and deceptive doings of the Defendants and now their attorneys.

Honorably Submitted,

By: Hendking, Yaniesha-P/Surety/Grantee Absolute All Rights Reserved
c/o 5247 Wilson Mills Rd #1013
Richmond Heights Ohio [44124]
2166479989