# EXHIBIT 31



**SQUIRE**
**PATTON BOGGS**

Squire Patton Boggs (US) LLP
2325 E. Camelback Road, Suite 700
Phoenix, AZ 85016

O  +1 602 528 4000
F  +1 602 253 8129
squirepattonboggs.com

Gregory T. Saetrum
T  +1 602 528 4881
gregory.saetrum@squirepb.com

September 26, 2022

**VIA E-MAIL (almost_nursing@ymail.com)**

Yaniesha Hendking
1155 S. Power Rd, #114-333
Mesa, AZ 85206

Re: *Hendking v. Carvana LLC et al* (Case No. CV-22-968153, Cuyahoga County, Ohio)

Dear Ms. Hendking:

As you know, my firm represents Carvana, LLC ("Carvana") and Bridgecrest Credit Company, LLC ("Bridgecrest") in the case you initiated in the Common Pleas Court of Cuyahoga County, Ohio on August 31, 2022 (Case No. CV-22-968153) (the "Lawsuit"). If you have hired an attorney to represent you in this matter, please let us know so that we can communicate with your attorney directly.

The claims you asserted in your Complaint are based on false allegations and flawed legal assumptions, including those set forth below:

1. You allege that Carvana violated 12 C.F.R. § 1026.23 of the Truth in Lending Act ("TILA"), purportedly by failing to inform you that you had three days to rescind the transaction. A rescission notice, however, is required only in "a credit transaction in which a security interest is or will be retained or acquired *in a consumer's principal dwelling.*" *See* 12 C.F.R. § 1026.23(a)(1). Carvana has not acquired a security interest in your "principal dwelling," and thus your accusations are baseless. *See, e.g., Jeffries v. Wells Fargo Bank, NA*, 2011 U.S. Dist. LEXIS 121405, at *13 (N.D. Ill. Oct. 19, 2011) ("[Plaintiff] is not entitled to rescind the contract under 15 U.S.C. § 1635 because the contract was secured by the vehicle rather than real property that [Plaintiff] used as her principal dwelling.").

2. You allege that "Carvana failed to provide [you] with registration in a timely legal fashion." As you are well aware, however, Carvana has been unable to finalize your registration due to your failure to provide necessary documents in a timely fashion, after you requested to move your registration from Nevada to Arizona. You have also failed to make payments on your financing account, thereby materially breaching your contracts and excusing any further performance by Carvana. *See, e.g., Cain v. Price*, 415 P.3d 25, 31 (2018) ("[O]ne party's material breach of a contract discharges the non-breaching party's duty to perform under that contract.").

45 Offices in 20 Countries

Squire Patton Boggs (US) LLP is part of the international legal practice Squire Patton Boggs which operates worldwide through a number of separate legal entities.

Please visit squirepattonboggs.com for more information.

September 26, 2022
Page 2

3. You allege that Carvana did not hold title to the vehicle it sold to you in June 2021. This is also not true. As evidenced by, among other things, the Carfax report that was included with your delivery packet, Carvana has held title to the vehicle since at least May 2021. [*See* Carfax Report, attached hereto as Exhibit A.]

4. You allege that it was somehow improper for Carvana to receive a down payment. "TILA and Regulation Z," however, "specifically contemplate the use of . . . down payments[] . . . in consumer credit transactions." *Holloway v. Auto. Promotion Consultants, LLC*, No. SA-20-CV-01023-XR, 2021 U.S. Dist. LEXIS 84920, at *13 (W.D. Tex. May 3, 2021). And you expressly agreed to provide a down payment in the Retail Purchase Agreement. [*See* Retail Purchase Agreement, attached hereto as Exhibit B.]

5. You contend that your contracts with Carvana are "fraudulent" or otherwise invalid because they lack your "wet ink signature." This is not the law. Your agreements with Carvana, including your Retail Purchase Agreement (Exh. B), Contract for Sale and Security Agreement (attached hereto as Exhibit C), and Arbitration Agreement (attached hereto as Exhibit D), are valid and binding. Nevada, Arizona, and virtually every other state (as well as federal law) recognizes the validity of electronic signatures. *See, e.g.*, N.R.S. § 720.160 (authorizing use of digital signature); A.R.S. § 44-7007 (same). In fact, you expressly agreed "to use electronic records and electronic signatures to document" the contracts. [*See* Exh. C, Security Agreement, at 3.]

6. You contend that the purported issues in your complaint somehow caused the vehicle to "vest[] with [you]" in an "irrevocable trust." No law supports such a result, and thus your demand appears to indicate your real goal is to obtain a free car without making the payments you agreed to.

7. Your complaint also baselessly accuses Ms. Martinez of being "careless and neglectful." Ms. Martinez, on behalf of Carvana, however, attempted to provide you an amicable resolution of this matter. There is no basis for your defamatory allegations against her. Indeed, there is no legal basis to name Ms. Martinez in the Lawsuit at all.

In the event that the Lawsuit proceeds, not only will your claims fail, but Carvana will file a Counterclaim against you based on your default under the agreements. Specifically, because you have failed to make any payments on the 2018 Mercedes since April 2022, Carvana may "declare all unpaid sums immediately due and payable" and "take immediate possession of the vehicle." [*See* Exh. C, Security Agreement, at 5.] Carvana may also recover any attorneys' fees and costs it incurs in prosecuting its default claim, which may be substantial. [*See id.*]

Before this escalates further, and in an effort to resolve this dispute, Carvana will agree to rescind the purchase of the vehicle and accept a return of the vehicle in good condition to Carvana. In exchange, Carvana will provide you with a one-time payment of $9,387, which amount reflects a complete refund of the payments you have made to date, plus an additional payment of $2,000. If

September 26, 2022
Page 3

you accept this offer, you must agree to execute a written confidential settlement and release agreement, pursuant to which you will dismiss all your claims with prejudice, including all claims asserted in or relating to the Lawsuit and/or your contracts with Carvana and/or Bridgecrest.

This offer will expire without further notice unless accepted unconditionally and in writing before 5:00 p.m. PST on Wednesday, September 28, 2022. If you do not accept this offer, Carvana and Bridgecrest will go forward with the litigation you filed and will be seeking all damages and attorneys' fees appropriate under these circumstances.

Carvana and Bridgecrest reserve all rights, remedies, claims, or defenses, none of which are waived.

Very truly yours,

Gregory T. Saetrum

Enclosures