THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| YANIESHA HENDKING, | ) | Case No. 1:22-cv-01777-JPC |
| | ) | |
| Plaintiff, | ) | Judge J. Philip Calabrese |
| | ) | |
| v. | ) | Magistrate Judge Jonathan D. Greenberg |
| | ) | |
| CARVANA, LLC, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**DEFENDANTS' MOTION TO STAY OR, IN THE ALTERNATIVE, REQUEST FOR STATUS CONFERENCE TO ADDRESS PENDING MOTIONS AND OTHER FILINGS**

Defendants Carvana, LLC, Bridgecrest Credit Company, LLC, and Kaylie Martinez (collectively, "Defendants"), by and through their undersigned counsel, respectfully move this Court for a stay of further activity and of all current briefing deadlines in this case until the Court has ruled on the pending and fully briefed Motion to Compel Arbitration (Dkt. 5). A stay is warranted in this case because *pro se* Plaintiff has peppered the Court and the Defendants with numerous and premature filings in violation of the Rules of Civil Procedure and this Court's Local Rules.

On October 11, 2022, Defendants filed a Motion to Compel Arbitration (Dkt. 5) and a Motion for Leave to File an Answer or Other Responsive Pleading (Dkt. 6). The Motion to Compel Arbitration is now fully briefed.

Since the completion of briefing on Defendants' Motion to Compel Arbitration, however, Plaintiff has filed multiple inappropriate motions and pleadings, including two amended complaints (Dkt. 11, 18), a "Motion to Compel Discovery of Inculpatory Evidence" (Dkt. 7), a "Motion to Add Additional Defendants" (Dkt. 10), an "Amended Motion to Add Additional

Defendants" (Dkt. 12), a "Reply in Support of Opposition to Defendant's Motion to Compel Arbitration" (Dkt. 16), and a "Reply in Support of Opposition to Motion for Leave to Remove Defendant Kaylie." (Dkt. 17).  Plaintiff's serial filings are procedurally improper, substantively flawed, and premature in light of the pending Motion to Compel Arbitration.

For example, Plaintiff's surreplies (Dkts. 16, 17) are not authorized by the Rules of Civil Procedure, and prohibited by this Court's standing order.  (Civil Standing Order § 7.D ("No surreplies will be permitted absent leave of Court, which will be given rarely and only for good cause.")).  Similarly, Plaintiff's Motion to Compel Discovery of Inculpatory Evidence was improperly filed before a Rule 26(f) conference, without seeking discovery through an appropriate discovery request, and without having ever conferred with Defendants.  *See* Fed. R. Civ. P. 26(d)(1) ("A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f) . . . ."); *see also* Fed. R. Civ. P. 37; L.R. Civ. 37.1.

Plaintiff's Second and Third Amended Complaints (Dkts. 11 and 18) are likewise improper.  The Court will note that Plaintiff amended her Complaint once in the state court prior to removal.  (Dkt. 1-1, PageID# 13-17).  Accordingly, Plaintiff was obligated to seek leave of Court or consent of the Defendants before filing her Second and Third Amended Complaints.  Fed. R. Civ. P 15(a) (A party seeking to amend a pleading for a second time must obtain "the opposing party's consent or the court's leave.").  Plaintiff has never sought leave or consent.  Instead, she has used her amended complaints to accuse counsel of violating federal law by merely responding to her demands.  (*See, e.g.*, Third Am. Compl. pp. 13-15.)  Likewise, Plaintiff's Motions to Add Additional Defendants (Dkts. 10, 12) baselessly seek to embroil Carvana and Bridgecrest executives in the litigation despite that, among other things, Plaintiff alleges nothing more than that she sent correspondence to these individuals—a plainly insufficient basis for any claim.  (Am.

Motion to Add (Dkt. 12) (purporting to join, among others, Carvana and Bridgecrest's CEOs); Third Am. Compl. ¶ 41). Further, Plaintiff fails to allege any possible basis for jurisdiction over these Arizona-based individuals in Ohio. (*See* Am. Motion to Join (providing Arizona addresses) (Dkt. 12); *see generally* Third Am. Compl.).

Defendants are cognizant that Plaintiff is proceeding *pro se*, but "[t]he leniency granted to pro se petitioners . . . is not boundless." *Martin v. Overton,* 391 F.3d 710, 714 (6th Cir. 2004); *Gueye v. U.C. Health*, No. 1:13-cv-673, 2014 U.S. Dist. LEXIS 141834, at *14 (S.D. Ohio Oct. 6, 2014) ("A pro se litigant is not entitled to . . . bombard the court with frivolous pleadings, and harass his opponent."). In this instance, Plaintiff has repeatedly filed inappropriate and premature motions requiring significant responses and appears intent on continuing to do so absent intervention from the Court. Moreover, Plaintiff's filings will be moot if the Court grants Defendants' Motion to Compel Arbitration (Dkt. 5). Thus, responding to Plaintiff's numerous filings, particularly before the Motion to Compel Arbitration is decided, would be wasteful and contrary to the policy objectives of the Federal Arbitration Act. *See AT&T Mobility LLC v. Concepcion*, 131 S. Ct. 1740, 1742 (2011) (The FAA manifests "a liberal federal policy favoring arbitration" and facilitates "efficient, streamlined procedures" to resolve disputes).

In light of the foregoing, and in the interest of preserving the Court's and the parties' resources, Defendants request that the Court issue an order staying further activity and suspending any required responses to Plaintiff's recent motion and pleading activity (Dkt. Nos. 7, 10, 11, 12, 16, 17, and 18) until such time as the Court considers and rules on the pending Motion to Compel Arbitration (Dkt. 5). In the alternative, Defendants request that the Court schedule a status conference at its earliest availability to establish the parties' respective obligations and deadlines (if any) relating to the filings pending before the Court.

Respectfully Submitted,


*/s/ Stephen M. Fazio*
Stephen M. Fazio (0076873)
Rebecca W. Haverstick (0066996)
SQUIRE PATTON BOGGS (US) LLP
1000 Key Tower
127 Public Square
Cleveland, OH 44114
(216) 479-8500
(Fax) (216) 479-8780
stephen.fazio@squirepb.com
rebecca.haverstick@squirepb.com

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing was filed on November 2, 2022 using the Court's CM/ECF System and served via U.S. Mail on:

Yaniesha Hendking
5247 Wilson Mills Rd. #1013
Richmond Heights, OH 44143

*Plaintiff (pro se)*

                                                    /s/ *Stephen M. Fazio*
                                                    Stephen M. Fazio