# THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| Hendking, Yaniesha-P/surety, attorney in fact, grantee absolute ) ) ) | Case Number 1:22-cv-01777 |
| Plaintiff ) ) | Judge J. Philip Calabrese |
| v. ) ) ) | FILED |
| CARVANA, LLC, et al., ) ) | NOV 17 2022 |
| Defendants ) | CLERK, U.S. DISTRICT COURT NORTHERN DISTRICT OF OHIO CLEVELAND |

**PLAINTIFFS OBJECTION TO MAGISTRATE'S REPORT AND RECOMMENDATION (DOC. NO. 5) AND MEMORANDUM OPINION AND ORDER (FOR DOC. NO. 7, 10, 13) ENTERED NOVEMBER 3RD 2022**

Plaintiff Objects the Report and Recommendation and Memorandum Opinion and Order that recommends the Court GRANT Defendants' motion to compel arbitration (Doc. No. 5) and dismiss this case without prejudice filed on November 3rd 2022 by the Honorable Jonathan D. Greenberg a U.S. Magistrate Judge.

[Although certain claims may fall under the scope of arbitration] No arbitration agreement exists to compel the Plaintiff to be bound by it and Plaintiff affirms there is a genuine issue of material fact. Conjointly, as seen by *Garry v. Credit Acceptance Corp.*, there are limitations to these provisions in the context of identity theft. No. 19-CV-12386, 2020 U.S. Dist. LEXIS 65931 (E.D. Mich. Apr. 15, 2020). [C]ourts have routinely rejected attempts to bind victims of identity theft to agreements unknowingly entered in their names.

Plaintiff has filed an Identity Theft Report with the Federal Trade Commission "FTC" and filed a Police Report. See Exhibits A, B, C, D, and E along with Plaintiffs Affidavit of Statement of Facts regarding identity theft and event facts filed herewith this Objection and are not to be noticed without consideration of the other.

# LAWS IN SUPPORT OF FRAUD AND RELATED ACTIVITY IN CONNECTION WITH IDENTIFICATION DOCUMENTS, AUTHENTICATION FEATURES, AND INFORMATION AND AGGRAVATED IDENTITY THEFT

It is a violation of 18 U.S. Code § 1028(a)(7) whoever in a circumstance knowingly transfers, possesses, or uses, without lawful authority, a means of identification of another person with the intent to commit, or to aid or abet, or in connection with, any unlawful activity that constitutes a violation of Federal law, or that constitutes a felony under any applicable State or local law; or

18 U.S. Code § 1028(a)(8) knowingly traffics in false or actual authentication features for use in false identification documents, document-making implements, or means of identification;

18 U.S. Code § 1028(d)(7) the term "means of identification" means any name or number that may be used, alone or in conjunction with any other information, to identify a specific individual, including any—

(A) name, social security number, date of birth, official State or government issued driver's license or identification number, alien registration number, government passport number, employer or taxpayer identification number;

(B) unique biometric data, such as fingerprint, voice print, retina or iris image, or other unique physical representation;

(C) unique electronic identification number, address, or routing code; or

(D) telecommunication identifying information or access device (as defined in section 1029(e));

18 U.S. Code § 1028A - Aggravated identity theft (a) Offenses- (1) In general- Whoever, during and in relation to any felony violation enumerated in subsection (c), knowingly transfers, possesses, or uses, without lawful authority, a means of identification of another person shall, in addition to the punishment provided for such felony, be sentenced to a term of imprisonment of 2 years.

(c)Definition.—For purposes of this section, the term "felony violation enumerated in subsection (c)" means any offense that is a felony violation of— (4)any provision contained in this chapter (relating to fraud and false statements), other than this section or section 1028(a)(7).

**EVENTS**

Exhibit D shows that on May 29th 2021 agreements were entered in Plaintiffs name unknowingly to the Plaintiff. The date for the consented to agreements was June 2nd 2021 see Exhibit B. Collectively Exhibit E contains time in military time on June 15th at 2300 hours or 11pm and Plaintiff was not at the hub location at that time. Plaintiffs appointment time was 4pm. See Exhibit F email from Louie Jay a DocuSign Customer Support representative who mentions the following:

**Date Signed field:** The time zone and date/time format information shown in Date fields and form data in the signing user interface and PDF documents depends on the following items:

- If the signer has a DocuSign eSignature account, then the time zone that is set under "My Preferences > Regional Settings > Specify a time zone" on the signer's account is used. **Note:** By Default, all signer accounts are set to a default of PST for the time zone.

So for a fact, by default the time zone is set to PST for the envelope history that was emailed to me and attached as Exhibit F and that is the time zone for Las Vegas Nevada. Pacific Standard Time.

Let this honorable Court note that Plaintiff never received a copy or full disclosure of any provisions pertaining any agreements prior to or on the date of pick up, June 15th 2021. Also note that the envelope details does not show a copy was printed for Plaintiff on June 15th 2021. There also was no security procedure applied or stated that was verified by credit/historical identifying questions or proof of invitation sent to Plaintiff to determine who the person actually is signing. Within Jordan Firman's Declaration he mentioned with no itemized details of the events that "The DocuSign process requires a

person to review and sign an arbitration agreement or other transaction document from his or her own unique email address. Only a person with access to the person's email address and password can thus review and sign an arbitration agreement or other transaction document through DocuSign." The Defendants have not shown any proof of this transaction actually taking place it is only hearsay. Plaintiff never received an invitation from DocuSign through email and Defendants have not presented proof that they have sent such agreements/documents by email. The envelope details also do not show an invitation being sent. See Exhibit E.

Plaintiff recalls that Daidre Visser the hub agent was rushing as the appointment had begun to run into another customers appointment. Daidre Visser did not present any arbitration agreement before the Plaintiff. The only thing Plaintiff recalls Daidre Visser handing over was the token coin for the vending machine to retrieve the automobile. It would be negligent of this court to ignore the fact that Plaintiff did not sign and give consent to an arbitration agreement for the 2018 Mercedes Benz GLC300. Let this honorable Court note that just June 2nd 2021 in the presence of the Lord Plaintiff physically signed an arbitration agreement for the 2017 Mercedes Benz GLA250. The protocol for signing agreements for your purchased automobile at Carvana was at that time at your scheduled appointment you come in and sign everything in person. Only then Carvana gained your consent to any agreement. In Plaintiffs case, Daidre Visser took Plaintiffs signed documents to a back area behind closed doors and returned with electronically signed documents. This is why Plaintiff is repetitively demanding inculpatory evidence pertaining Plaintiffs wet ink signature consenting to arbitration as this was the protocol at the time when it came to giving consent.

Only thirteen days later Plaintiff returned and received no knowledge of a policy or protocol change. Carvana took the chance and redacted the first arbitration agreement and transferred and forged Plaintiff personal identification information to agreements for an entirely new contract for an entirely different

automobile that is an entirely different year and model. May this Court show cause for how an agreement can be assumed if it can?

Carvana and its employee(s) have entered/transferred Plaintiffs personal identification information without lawful authority or consent prior to Plaintiff giving consent for the initial purchase of the 2017 Mercedes Benz GLA250 as the date Plaintiffs contract that Plaintiff received an actual copy of does not match the date Defendants Envelope History shows including the 2018 Mercedes Benz GLC300. This showcases Carvana and its employees deceptive, fraudulent, unfair, and unlawful actions. Plaintiff alleges that Carvana may have altered the Certificate of Completion and it can not accepted as true and correct.

Plaintiff urges this honorable Court to compel the original form of [indebtedness] signed in wet ink for both automobiles. Additionally, If Carvana or Bridgecrest can not provide the contract in its original form the Defendants can not attempt to collect on what they are not the holder of as it may have been sold or traded.

**SUPPORTING LAWS FOR INVALID ARBITRATION AGREEMENT/ELECTRONIC SIGNING**

Pursuant to the Federal Arbitration Agreement Act 9 U.S.C. § 2 "A written provision in any maritime transaction or a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction, or the refusal to perform the whole or any part thereof, or an agreement in writing to submit to arbitration an existing controversy arising out of such a contract, transaction, or refusal, shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." At law there is no existence of consent to arbitration.

Pursuant to Ohio Revised Code 1306.08 (A) An electronic record or electronic signature is attributable to a person if it was the act of the person.

Pursuant to Nevada Revised Code 719.260(1) An electronic record or electronic signature is attributable to a person if it was the act of the person. The act of the person may be shown in any manner, including a showing of the efficacy of any security procedure to determine the person to whom the electronic record or electronic signature was attributable.

Pursuant to Georgia law it adopted the Uniform Electronic Transaction Act and it states An electronic record or electronic signature is attributable to a person if it was the act of the person. The act of the person may be shown in any manner, including a showing of the efficacy of any security procedure to determine the person to whom the electronic record or electronic signature was attributable.

## ACKNOWLEDGE

The manner in which the act is being presented by Defendants is questionable and believed to be an altered Certificate due to the deceptive, fraudulent, unfair and unlawful nature of Carvana, them committing identity theft and the compelling evidence presented herewith that supports Plaintiffs alleging. The Envelope Details that are supposed to coincide with the Certificate of Completion are very precise for every step taken including disclosing invitations sent for signers to sign, dates and times, and IP addresses. They however do not match and also do not match the initial documents/agreements.

It would cause more harm to the Plaintiff granting arbitration. It is imperative that Plaintiff receive justice expeditiously for being violated here in this Court. There is a genuine issue of material fact as Carvana has not provided a wet ink signature to validate their arbitration agreement with official and genuine proof. Plaintiff never received anything by email or signed anything electronically in person upon a device that Daidre Visser would have given to Plaintiff. There is also a material fact of fraud and identity theft. Not to forget to mention that the Certificate of Completion does not state that Plaintiff signed In

Person as the IP Address discloses the hub location. See Exhibit G. See Exhibit H for IP Address validation.

## CONCLUSION

Plaintiff now provide new evidence to show cause for why Compelling arbitration should not be granted. This honorable Court must acknowledge that the consent was transferred unlawfully without Plaintiffs consent on multiple occasions. Along with Carvana's deceptive, fraudulent, unfair and unlawful history and reputation it is now apparent that they have committed identity theft which is a provisional limitation to arbitration. Therefore, this case must remain within this venue and jurisdiction of this honorable Court. Plaintiff urges this honorable Court to Vacate the Recommendation and Memorandum Opinion and Order (Denying Doc. No. 7, 10, and 13) with acknowledgement of the grounds of identity theft and that no agreement to arbitration exists for the 2018 Mercedes Benz GLC300 and the arbitration agreement for the 2017 Mercedes Benz GLA250 is revoked due to fraud and identity theft as well.

Honorably Submitted,

By: *[signature]*

By: Hendking, Yaniesha-P/Surety/Grantee Absolute All Rights Reserved
c/o 5247 Wilson Mills Rd #1013
Richmond Heights Ohio [44124]
2166479989