# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| YANIESHA HENDKING, ) | Case No. 1:22-cv-01777 |
| ) | |
| Plaintiff, ) | Judge J. Philip Calabrese |
| ) | |
| v. ) | Magistrate Judge |
| ) | Jonathan D. Greenberg |
| CARVANA LLC, *et al.*, ) | |
| ) | |
| Defendants. ) | |
| ) | |

## OPINION AND ORDER

Plaintiff Yaniesha Hendking objects to the Magistrate Judge's report and recommendation, which recommends that the Court grant Defendants' motion to compel arbitration and dismiss the case without prejudice because there is a valid arbitration agreement between the parties that covers Plaintiff's claims, which are arbitrable. (ECF No. 20.) For following reasons, the Court **OVERRULES** Plaintiff's objections (ECF No. 25; ECF No. 26; ECF No. 27), **ADOPTS** the report and recommendation (ECF No. 20), and **DISMISSES** Plaintiff's claims without prejudice. Further, the Court **DENIES** Plaintiff's outstanding motions (ECF No. 21; ECF No. 22; ECF No. 24) as **MOOT**.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

The Magistrate Judge set forth the history of this case in his report and recommendation. (ECF No. 20, PageID #528–31.) On June 15, 2021, Plaintiff purchased an automobile from Defendant Carvana LLC. (ECF No. 18, PageID #126.) Over the next several months, Plaintiff was in consistent contact with Carvana's

employees because they had not yet provided her with her car's registration. (*Id.*, PageID #126–28.) She had moved from Nevada to Arizona, which Carvana represented delayed the registration process. (*Id.*, PageID #126.) By early 2022, Plaintiff was behind on her car payments, and Defendant Bridgecrest Credit Company LLC, Carvana's financing partner, considered her account delinquent. (*Id.*, PageID #128.) On August 31, 2022, Plaintiff sued Defendants in State court alleging they "fraudulently turned a credit sale into a loan," violated the Truth in Lending Act, failed to provide her with the registration for her vehicle in a timely fashion, and made "false and misleading comments" as part of the sale. (ECF No. 1-1, PageID #8–11.) Plaintiff seeks title to the 2018 Mercedes Benz GLC she purchased from Carvana, an injunction ordering Defendants to remove the delinquent account from her credit report, return of the amount paid to date on the vehicle, and rescission of all contracts. (ECF No. 18, PageID #138–40.)

Defendants removed the case to federal court on October 4, 2022. (ECF No. 1.) On October 5, 2022, the Court referred all pretrial matters in this case to the Magistrate Judge. On October 11, Defendants moved to compel arbitration (ECF No. 5.) On October 18, Plaintiff filed five documents. She moved to "compel discovery and inculpatory evidence," denying the existence of a valid agreement to arbitrate because Defendants did not produce a copy of the agreement with her wet ink signature. (ECF No. 7.) She opposed the motion to compel arbitration by denying the existence of a valid arbitration agreement and arguing Defendants "have committed practices that are deceptive, unfair, fraudulent" and have caused her

2

emotional distress. (ECF No. 8.) Also, she filed an amended complaint, moved to add Defendants, and filed an "opposition to motion for leave to remove Defendant Kaylie." (ECF No. 9; ECF No. 10; ECF No. 11.) None of Defendants previous filings moved to dismiss Defendant Kaylie Martinez from this lawsuit.

Then, Plaintiff moved for permission to file electronically and filed an amended motion to add Defendants. (ECF No. 12; ECF No. 13.) Subsequently, Defendants filed a reply in support of their motion to compel arbitration. (ECF No. 14.)

On October 31, Plaintiff filed a response to Defendants' reply in support of their motion to compel arbitration titled "reply in support of opposition to motion for leave to remove Defendant Kaylie." (ECF No. 16; ECF No. 17.) Also on October 31, Plaintiff filed a second amended complaint with 46 exhibits. (ECF No. 18.)

On November 2, Defendants filed a motion to stay or, in the alternative, requested that the Court schedule a hearing to address the outstanding motions. (ECF No. 19.) The next day, the Magistrate Judge issued his report and recommendation. (ECF No. 20.) Plaintiff timely objected to the report and recommendation, recommending the Court grant Defendants' motion to compel arbitration and dismiss the case without prejudice. (ECF No. 26; ECF No. 26; ECF No. 27.)

On November 18, 2022, Plaintiff objected to the report and recommendation, and the Court treats this objection as timely. (ECF No. 25.) Plaintiff objects to the Magistrate Judge's determination that there is a valid arbitration agreement between Plaintiff and Carvana and that Plaintiff has not submitted evidence

3

sufficient to create a genuine dispute of material fact as to the validity of that arbitration agreement. (*Id.*, PageID #547.) Also, Plaintiff argues in her objection that Carvana and its employees committed identity theft in violation of 18 U.S.C. § 1028. (*Id.*, PageID #548–49.)

## ANALYSIS

A district court judge may designate a magistrate judge to "submit to a judge of the court proposed findings of fact and recommendations for the disposition, by a judge of the court," 28 U.S.C. § 636(b)(1)(B), of any pretrial matter pending before the Court. When reviewing a report and recommendation, if a party objects within the allotted time, the district court is required to "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C); *see also* Fed. R. Civ. P. 72(b). "Objections must be specific, not general" and should direct the Court's attention to a particular dispute. *Howard v. Secretary of Health & Hum. Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). The filing of objections to a magistrate's report enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute." *Thomas v. Arn*, 474 U.S. 140, 147 (1985).

On review, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Importantly, the Court's job is not to conduct a free-wheeling examination of the entire report and recommendation, but only to address any specific objections that a party has advanced to some identified portion of it.

4

Accordingly, it is the Court's task in this matter to review the Magistrate Judge's report and recommendation de novo, based on the specific objections Plaintiff raises, but only those objections.

I.     **Propriety of Plaintiff's Objections.**

Under 28 U.S.C. § 636(b)(1)(C), a party objecting to a magistrate judge's report and recommendation must specify the proposed findings or recommendations to which an objection is made. Plaintiff specifically identifies only one error in the Magistrate Judge's factual findings or legal conclusions—his conclusion that there is a valid arbitration agreement. With the exception of that objection, Plaintiff's objections raise new legal arguments and make conclusory allegations without reference to specific findings of fact or conclusions of law in the report and recommendation. A general objection to a magistrate judge's report and recommendation, which fails to specify the issues of contention, does not satisfy the legal requirements for objections. *Howard*, 932 F.2d at 509.

Plaintiff presents evidence and arguments that were not before the Magistrate Judge and makes conclusory allegations that Defendants have a history of "deceptive, fraudulent, unfair, and unlawful" behavior. (ECF No. 25, PageID #552 & 553.) Further, Plaintiff argues that the Magistrate Judge's recommendation that the Court grant Defendants' motion to compel arbitration was in error because identity theft is "a provisional limitation to arbitration." (*Id.*) However, the Magistrate Judge did not conclude whether Defendants committed identity theft, and the statute Plaintiff cites to support her claim is a federal criminal statute enforceable by the United States, not private parties in a civil action. Also, this argument simply repackages Plaintiff's

5

proper objection to the Magistrate Judge's factual finding that a valid arbitration agreement exists. Therefore, other than as addressed below, Plaintiff has forfeited further review of the report and recommendation, and the Court enforces this forfeiture.

## II.     Plaintiff's Objections.

Plaintiff's filings amount to one proper objection—she argues that the Magistrate Judge incorrectly concluded that she signed an arbitration agreement. Generally, *pro se* pleadings are liberally construed and held to less stringent standards than formal papers drafted by lawyers. *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011). However, even liberally construed, Plaintiff's arguments fail to state a meritorious objection.

Plaintiff objects to the Magistrate Judge's conclusion that a valid arbitration agreement exists between the parties. (ECF No. 25, PageID #547.) She concedes "certain claims may fall under the scope of arbitration," but argues there is a genuine dispute of material fact as to the validity of the arbitration agreement because she claims that Carvana's employees forged her signature on the agreement, committing identity theft. (*Id.*) In support of this allegation, Plaintiff attaches a police report and report of identity theft to the Federal Trade Commission. (ECF No. 26-4.) Plaintiff filed both reports on November 4, 2022, after the Magistrate Judge issued his report and recommendation. (*Id.*, PageID #571 & #573.) Plaintiff renews her assertions that the DocuSign data proves that she did not sign the arbitration agreement. (ECF No. 25, PageID #549—50.) She argues that the evidence shows Carvana never shared the arbitration agreement with her via DocuSign, and that

6

records she requested from DocuSign indicate the agreement was signed by a Carvana employee. (*Id.*, PageID #550.) She also argues that the evidence Defendants submitted to establish that she signed the arbitration agreement is hearsay. (*Id.*)

The Court agrees with the Magistrate Judge that Plaintiff has not set forth sufficient evidence to create a genuine issue of material fact regarding whether she signed the arbitration agreement via DocuSign. Defendants submitted the Retail Purchase Agreement, Security Agreement, and Arbitration Agreement with an affidavit from Carvana's agent certifying that these business records are kept in the normal course and that it is Carvana's practice to use DocuSign to execute these documents. ([ECF No. 5-2](), PageID #47.) Therefore, counter to Plaintiff's assertion, these documents are of evidentiary quality and are not hearsay. *See* Fed. R. Evid. 803(6). Each of those documents bear Plaintiff's electronic signature and initials. ([ECF No. 5-2](), PageID #50, #52–60 & #66.) Further, Plaintiff does not dispute that she purchased a vehicle from Carvana. In fact, she seeks title to the vehicle as a remedy in this lawsuit. ([ECF No. 18](), PageID #138.) Plaintiff cannot manufacture a genuine issue of material fact by submitting evidence created months after the transaction that is the subject of this dispute—namely webpages dated October 13, 2022 that purport to show Carvana's employees forged her e-signature and the police and FTC reports she filed only after the Magistrate Judge issued his report and recommendation. ([ECF No. 26-4](); [ECF No. 18-44](), PageID #431–33.) And the DocuSign records Plaintiff herself submitted indicate that she viewed and signed "the envelope in a session hosted by Carvana" on June 15, 2022. ([ECF No. 26-6](),

7

PageID #578.)  In any event, the question of arbitrability is generally reserved for an arbitrator in the first instance, and the Court sees no reason to deviate from that rule here.

Accordingly, even drawing all reasonable inferences Plaintiff's favor, the Court concludes on its de novo review that the evidence in the record does not support a finding that Plaintiff did not sign the arbitration agreement.  Further, to the extent, Plaintiff's other filings attempt to assert other objections, the Court's independent review of the record finds no clear error in the Magistrate Judge's report and recommendation.

## CONCLUSION

For the foregoing reasons, the Court **OVERRULES** Plaintiff's objections and **ADOPTS** the Report and Recommendation ([ECF No. 20)](), **GRANTS** Defendants' motion to compel arbitration ([ECF No. 5)]() and **DISMISSES** the action **WITHOUT PREJUDICE**.  Further, the Court **DENIES** Plaintiff's outstanding motions as **MOOT**.  The Court **DIRECTS** the Clerk to enter judgment accordingly.

**SO ORDERED.**

Dated:  November 22, 2022

                                                                    J. Philip Calabrese
                                                                    United States District Judge
                                                                    Northern District of Ohio