THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Hendking, Yaniesha-P/surety, attorney in fact, grantee absolute | ) ) ) | Case Number 1:22-cv-01777 |
| | ) | Judge J. Philip Calabrese |
| Plaintiff | ) ) | |
| v. | ) ) | **MOTION TO VACATE** |
| | ) ) | |
| CARVANA, LLC, et al., | ) ) | |
| Defendants | ) | |

FILED
DEC 0 2 2022
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF OHIO
CLEVELAND

**PLAINTIFFS OBJECTION TO BE COMPELLED BY ARBITRATION AND PLAINTIFFS DENIED MOTIONS AND THE COURTS OVERRULING AND DISMISSAL OF PLAINTIFFS CLAIMS AND JUDGE'S OPINION AND ORDER ENTERED NOVEMBER 22ND 2022 AND PLAINTIFF HEREBY MOTIONS THIS COURT TO VACATE ON THE FOLLOWING GROUNDS**

Pursuant to the Federal Arbitration Act ("FAA"), 9 U.S.C. § 2 A written provision in any maritime transaction or a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction, or the refusal to perform the whole or any part thereof, or an agreement in writing to submit to arbitration an existing controversy arising out of such a contract, transaction, or refusal, shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract or as otherwise permitted.

**THE GROUNDS THAT EXIST AT LAW TO REVOKE ARBITRATION**

According to 12 CFR § 1026.23(a) the Plaintiff, the consumer in the transaction has the right to rescind the transaction which pertains to all contracts, agreements, or whatsoever. Plaintiff never waived any rights to rescind the transaction. This includes the arbitration agreement the Defendants claim the Plaintiff has consented to.

Notice Defendants Exhibit 2 Doc #: 5-6 Filed: 10/11/22 3 pages. PageID #: 69 Plaintiffs unrebutted Notarized Special Power of Attorney served to Carvana at its headquarters on March 16th 2022 and also the selling dealership March 21st 2022 revoking any arbitration agreement that may exist. At law the grounds for Plaintiff to revoke arbitration exist pursuant to effects of rescission declared within the Truth In Lending Act Regulation Z 12 CFR § 1026.23(d) which declares that Plaintiff has all right to revoke, void, terminate, cancel, rescind any and all contracts for the breach of performance/contract/antitrust/unlawful and unfair business practices of the Defendant(s). See Plaintiff Notice of Recission that included the Special Power of Attorney that Defendants filed a copy of Exhibit A and Notice Mailing Affidavit Doc #: 18-14 Filed: 10/31/22 30 pages. PageID #: 224 for proof of delivery via USPS. Plaintiff exercised properly the Notice of Rescission on multiple occasions, and they have stood lawfully unrebutted and Carvana did not comply with the consequential effects of it and have forfeited any possibility to acquire the 2018 automobile and any securities. They failed to perform.

According to 12 CFR § 1026.23(a)(2) The consumer must exercise the right of rescission in writing but not necessarily on the notice supplied under § 1026.23(b). Whatever the means of sending the notification of rescission - mail, telegram or other written means - the time period for the creditor's performance under § 1026.23(d)(2) does not begin to run until the notification has been received. The creditor may designate an agent to receive the notification so long as the agent's name and address appear on the notice provided to the consumer under § 1026.23(b). According to Carvana Bridgecrest is Carvana's Partner and according to Gloria a customer service specialist at Carvana stated Carvana and Bridgecrest are one in the same. Notice to Agent is Notice to Principal. Plaintiff mailed Carvana's agent the first/initial Notice of Rescission and was dated January 13th 2022 that Bridgecrest acknowledged they received. See Doc #: 18-9 Filed: 10/31/22 5 pages. PageID #: 209

To honorably rebut Judge J. Philip Calabrese Plaintiff did not fail to make payments nor did Plaintiff become delinquent. During the month of December 2021 Plaintiff contacted Bridgecrest via phone to discuss interests in settling account. Plaintiff disclosed to a Bridgecrest representative that a mailed request was in route to Bridgecrest, but they never received and is still in lieu due to some unforeseen circumstances with USPS. The letter requested the original form of indebtedness and in return Plaintiff would settle the account. Bridgecrest stated they would wait for the letter and extended payment date for the month of December into January 2022. Later, Plaintiffs discovered Defendants negligence, breach of contract/performance/antitrust/unlawful and unfair business practices and therefore Plaintiff executed right to rescind. The letter dated January 13th 2022 discloses the first Notice of Rescission Doc #: 18-9 Filed: 10/31/22 5 pages. PageID #: 206. As of the day Carvana's agent received the notice is the day any alleged obligation ceased. Notice to Agent is Notice to Principal. Following this notice Plaintiff mailed additional Notice of Rescissions. See Mailing Affidavit for proof of delivery via USPS previously mentioned herein. Plaintiff even gave opportunity to Defendant(s) to comply with the additional Notice of Rescissions mailed and they failed to perform and respond lawfully.

## CONCLUSION

Plaintiff moves this Court to vacate the following: its ruling to dismiss Plaintiffs claims and motions denied as MOOT, to compel arbitration and Judge J. Phillip Calabrese's opinion and order entered November 22nd 2022 on the grounds of Plaintiffs right to rescind and Plaintiffs properly executed Right to Rescind along with Special Power of Attorney that Defendants failed to lawfully rebut that revoked the transaction which included any claim to be bound by any contract, arbitration agreement or whatsoever.

Honorably Submitted,

By: [signature]

By: Hendking, Yaniesha-P/Surety/Grantee Absolute All Rights Reserved
c/o 5247 Wilson Mills Rd #1013
Richmond Heights Ohio [44124]