UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| YANIESHA HENDKING, | ) | Case No. 1:22-cv-01777 |
| | ) | |
| Plaintiff, | ) | Judge J. Philip Calabrese |
| | ) | |
| v. | ) | Magistrate Judge |
| | ) | Jonathan D. Greenberg |
| CARVANA LLC, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## ORDER

Plaintiff Yaniesha Hendking seeks reconsideration of the Court's judgment adopting the Report and Recommendation of the Magistrate Judge and dismissing her lawsuit in favor of arbitration. She bases her request on an alleged rescission of the contract containing the arbitration clause. ([ECF No. 30](#).)

Although the rules do not formally provide for reconsideration, the reasons for altering or amending a judgment under Rule 59 or obtaining relief from a judgment under Rule 60 generally delineate the circumstances under which a court will grant reconsideration. This is so even though, strictly speaking, "any order or other decision . . . that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action . . . and may be revisited at any time before the entry of judgment[.]" Fed. R. Civ. P. 54(b).

Justifying reconsideration requires a moving party to: (1) demonstrate an intervening change in the controlling law; (2) establish that new evidence is available; or (3) prove that a clear error occurred or reconsideration is necessary to prevent

manifest injustice. *See Louisville/Jefferson Cnty. Metro Gov't v. Hotels.com, L.P.*, 590 F.3d 381, 389 (6th Cir. 2009). A district court retains the discretion to entertain such a motion. *Rodriguez v. Tennessee Laborers Health & Welfare Fund*, 89 F. App'x 949, 959 n.7 (6th Cir. 2004). Further, a district court does not abuse its discretion in denying a motion for reconsideration when it is premised on evidence or arguments available to the party at the time of the original judgment. *Emmons v. McLaughlin*, 874 F.2d 351, 358 (6th Cir. 1989). After all, such motions are aimed at *reconsideration*, not initial consideration. *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998) (citing *FDIC v. World Univ. Inc.*, 978 F.2d 10, 16 (1st Cir. 1992)).

Here, Plaintiff does not argue an intervening change in the law or new evidence supports reconsideration. The notice of rescission to which she points is dated March 14, 2022 (ECF No. 30-1, PageID #609), some five months before she filed suit in State court (ECF No. 1-1, PageID #8). By process of elimination, Plaintiff contends that a clear error occurred or reconsideration is necessary to prevent a manifest injustice. What that error or injustice might be remains somewhat mysterious after reading Plaintiff's motion, which repeats the same things that any number of her previous submissions said. (*See* ECF No. 18; ECF No. 18-15.) In fact, Plaintiff previously raised the rescission, and the arguments on which Plaintiff bases her motion were previously made, warranting denial of the motion. *See Emmons*, 874 F.2d at 358. Reconsideration is not an opportunity to reargue matters on which a court has

already ruled. To the extent Plaintiff contends any injustice results from the Court's judgment, she has the opportunity to make her arguments in arbitration.

Additionally, the record shows that the Magistrate Judge considered the contract's rescission provision. (ECF No. 20, PageID #536.) But Plaintiff failed to object to that part of the Report and Recommendation. Therefore, and in any event, she has forfeited the opportunity for review of the arguments she now advances. For all these reasons, the Court **DENIES** Plaintiff's motion for reconsideration. (ECF No. 30.)

**SO ORDERED.**

Dated: December 5, 2022

J. Philip Calabrese
United States District Judge
Northern District of Ohio