THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

FILED
DEC 1 2 2022
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF OHIO
CLEVELAND

| | |
|---|---|
| Hendking, Yaniesha-P/surety, attorney in fact, grantee absolute ) <br><br> Plaintiff ) <br><br> v. ) <br><br> CARVANA, LLC, et al., ) <br><br> Defendants ) | Case Number 1:22-cv-01777 <br><br> Judge J. Philip Calabrese <br><br> **PLAINTIFFS MEMORANDUM STATEMENT OF FACTS AND AUTHORITIES IN SUPPORT OF MOTION TO RECONSIDER & REOPEN DISMISSED CASE & VACATE MOTIONS FILED BY PLAINTIFF & MOTION TO STRIKE & TO COMPEL ANSWERS & MERITORIOUS DEFENSE FOR EXTRAORDINARILY PERSUASIVE REASON** *without leave* |

**STATEMENT OF FACTS AND MERITORIOUS DEFENSE**

Now Comes Plaintiff affirming there are truly genuine issues of material facts and unconscionable acts. Let this Court acknowledge that the purchase of the two automobiles mentioned the 2017 Mercedes Benz GLA250 and the 2018 Mercedes Benz GLC300 was almost 18 months ago. Only short of six months to it being 2 years and events may have not all been previously remembered. Let this Court also acknowledge that Plaintiff is a natural person who is experiencing stress, anxiety and trauma daily due to this ongoing matter. As it has been acknowledged that Generally, pro se pleadings are liberally construed and held to less stringent standards than formal papers drafted by lawyers. Williams v. Curtin, 631 F.3d 380, 383 (6th Cir. 2011). It is not of Plaintiffs intent to appear or communicate inconspicuously or unclearly and acknowledge that Plaintiff is tirelessly working under duress consecutively against experienced attorneys for Defendants who commit deceptive unconscionable and unfair acts. Plaintiff is suffering while the attorneys are just doing their jobs and the defendants and motioned for additional defendants are going along with their lives likely without duress.

Plaintiff comes now forth with overlooked documentary evidence and facts, new evidence, explanations, arguments and laws in support for this Court to reconsider and reopen this case and vacate the judgement

entry order to compel arbitration and dismiss plaintiffs claims and every denied as MOOT motions filed by Plaintiff.

Plaintiff now recalls arriving late to appointment. Plaintiff was also on the phone regarding a delicate and important matter at the time the signature alleged to be signed by Plaintiff. Plaintiff did not end phone conversation until on or seconds after 4:08pm according to phone records and actually entered the hub after ceasing the call as Plaintiff did not wish to disclose the newly acquired property with the party on the line or for them to discover the act of purchasing a car. Plaintiff has a right to privacy. See Exhibit A Plaintiffs call history. Defendants allege that Plaintiff signed at 4:04pm.

Let this Court acknowledge these facts prima facie for reconsideration, but not be limited to them.

## EXPLANATIONS

Reason for filing identity theft late was due to the fact that Plaintiff was not aware of their actions. Plaintiff had no knowledge of such agreement therefore it was not relevant in Plaintiffs complaint, Plaintiff never even received a copy of an arbitration agreement prior to Plaintiffs notice of rescissions served upon Defendants Bridgecrest and Carvana.

Plaintiff believed what to be pursuant to the Truth In Lending Act "Regulation Z" that once they received a notice of rescission any matters regarding the account, contracts or agreements including interests were hereby terminated. Therefore, supposedly placing parties back to its original state prior to the transaction. However, in this case other violations exist that permit Plaintiff to receive remedy for such violations and actual damages. Plaintiff had all intentions on filing in district court after receiving injunctive relief in previous Court.

Let this Court acknowledge that when you purchase a vehicle from a party and in this case the Plaintiff who sold Carvana a 2010 Lexus Rx450h you must obtain a wet ink signature from the seller which was the Plaintiff. You can not go into any titling agency with an electronic signature claiming to have purchased someone's car and that you wish to now title it in your name. That would cause an influx of fraud and would be negligent upon the State to allow such actions. You would need both parties present to sign with their wet ink signature.

For example, according to www.ohio.bmv.gov it states the following;

Title a Used Motor Vehicle in Ohio

The seller must complete the "assignment of ownership" portion on the back of the title and then present it to the buyer to finalize the transfer.

Plaintiff states this to show that the event of signing with wet ink signature existed for Plaintiff as Plaintiff sold Carvana an automobile.

Plaintiff hereby affirms that signing by way of pen was the only way consent was given on June 2nd 2021 and Plaintiff has a right to enforce access to the information that bears Plaintiffs property as holder in due course. June 15th 2021 Plaintiff did not give consent in any form to an arbitration agreement. Daidre Visser who Plaintiff believes was Carvana's employee handling the transaction failed to present all agreements to Plaintiff as they were behind schedule and Plaintiff believe Daidre forgot.

Reference Doc#26 #2 DocuSign Screenshot as it pertains to www.DocuSign.com and "How It Works" was an attempt to get the Court to acquire how DocuSign actually works when a sender sends the signer documents directly from its website without it being hearsay from the Plaintiff. This Court has overlooked the steps that are stated to be as easy as 1 2 3. Along with this exhibit Plaintiff provided

another attribute in Exhibit I disclosing how it reveals the steps that are as easy as 1 2 3 according to www.DocuSign.com. Carvana did not follow those steps.

Let this Court acknowledge these explanations prima facie for reconsideration but not be limited to them.

### MERITORIOUS DEFENSE CONTINUED; KEY POINTS AND FACTORS OVERLOOKED BY THE COURT

1. On November 17th 2021 Plaintiffs filed evidence to show cause for Defendants nature/behavior/practice/conduct being unlawful, deceptive and unfair all around unconscionable. Refer to Doc #26-5. Plaintiff showed the actual act of Defendants committing identity theft and fraud by way of them pretending to be the Plaintiff and forging Plaintiff signatures electronically without any affirmative consent being displayed like a security measure similar to what Plaintiff filed a personal example of what DocuSign proof would reveal to show that security measure also known as affirmative consent took place. Refer to Doc #27 Exhibit I as it complies with federal law regarding electronic disclosures prior to consent in The Electronic Signatures in Global and National Commerce Act (E-Sign Act).

2. Plaintiffs appointment was on June 2nd 2021 at 2:00pm. The DocuSign Envelope Details do not display the date June 2nd 2021 at all. It states that Plaintiff viewed and signed on May 30th 2021 at 2:19pm. This factor here unconscionably shows the willingness the Defendants are willing to go and shows cause for this Court to reconsider the Courts order to dismiss Plaintiffs claims in favor of arbitration but is not limited to it.

3. Let this Court acknowledge how each document has been "REDACTED" in the Envelope Details in Doc 26 # 5 and #6. According to Merriam Webster Dictionary Redacted means edited especially in order to obscure or remove sensitive information. What information did Carvana

need to obscure or remove from DocuSign for both contracts? May this Court compel an answer? It may be likely Carvana wished to remove or edit information within the unauthoritative copies they supplied the Court with as evidence. Plaintiff also was not given any notices or disclosures pursuant to the The Electronic Signatures in Global and National Commerce Act (E-Sign Act) of any changes, revisions, modifications or whatsoever. Conjointly as the documents show they've been redacted Carvana is showing reason to believe that they are not providing accurate documentation. Plaintiff declares these acts as unconscionable and a means to revoke the alleged arbitration agreement pursuant to The Federal Arbitration Act grounds for saving and Order.

4. Plaintiff filed an email provided by Jonalyn a DocuSign customer representative which stated that "For In-person Signing, when you downloaded your Certificate of Completion, the signature will show under In Person Signer Events, including the Signature and Timestamp." Refer to Doc #: 26-8 Filed: 11/17/22 2 of 2. PageID #: 584

   a. The Certificate of Completion does not disclose an accurate format that the signer signed In Person and the IP address shows that it was signed at the hub location. Refer to Doc #: 14-2 Filed: 10/26/22 2 of 3. PageID #: 111 and Doc #: 26-9 Filed: 11/17/22

Let this Court now acknowledge that the Defendants submitted multiple contracts and agreements and it only displays one signing event in the Envelope Details filed by Plaintiff. Not to forget to mention neither the Certificate of Completion nor the Envelope history disclose what contract, agreement or document was actually signed. It is factually incomplete and baseless unlike Exhibit I Doc #27 where the Envelope Details disclose what document was signed. This would be a negligent act upon the Court to neglect this intricate detail of facts. It is truly unknown what was signed.

Let this Court acknowledge these overlooked key points and factors prima facie but not be limited to.

## INTRODUCTION OF EVIDENCE AND OVERLOOKED EVIDENCE

- Exhibit A Plaintiffs call details (PST is written near the side as the main line for account is EST although Plaintiff location on June 15th 2022 was in Las Vegas) Call started at 3:39pm PST and lasted 29 minutes. (To prove the time is based on EST Plaintiff files herewith email from insurance regarding policy change at 2:44pm PST and at 2:30PST/4:30EST Plaintiff called Progressive and was on the line with them for 22 minutes and shortly after received the email at 2:44pm PST)

- Doc #: 26-9 Filed: 11/17/22 2 of 4. PageID #: 586

- Exhibit B History of Carvana Illinois

- Notice Doc #: 18-35 Filed: 10/31/22 1 through 22 pages. PageID #: 349

- Doc #: 26-5 Filed: 11/17/22 2 of 3. PageID #: 575

- Doc #: 26-8 Filed: 11/17/22 2 of 2. PageID #: 584

- General Rule of Validity 15 U.S. Code § 7001

- The Electronic Signature Global And National Commerce Act

- Doc#26 #2 DocuSign Screenshot as it pertains to www.DocuSign.com and "How It Works"

## DEFENSE TO DEFENDANTS FILED DECLARATION BY JORDAN FIRMAN

Jordan's Declaration is not credible as he was not a party nor witness to either event on June 2nd or June 15th of 2021 at the hub location in Las Vegas Nevada and never mentions that signing takes place in person or prior to consumers arrival he only mentioned by way of email. This is a confliction with evidence filed by Plaintiff. Refer to Doc #: 26-9 Filed: 11/17/22 2 of 4. PageID #: 586. It verifies that both days are signed at the hub location in Las Vegas. This has been overlooked by this Court. Jordan also never mentioned that you access your email at the hub location or sign at home prior to arriving. This shows a genuine issue of material fact.

Jordan only states In point 4 "Carvana transmits pertinent transaction documents, including contract documents and arbitration agreements, to customers for review and signature through DocuSign. Once

signed by the customer, DocuSign provides the documents to Carvana, and Carvana stores the documents in a secure database as part of its ordinary course of business."

Never did Defendants or Jordan supply this Court with verifiable proof for emails being sent to Plaintiff to view and sign any agreement or contract. Refer to Doc #27 Exhibit I as shows an invitation being emailed to Plaintiff. Jordan's Declaration lacks credibility which DocuSign has the ability to provide only if the actions are actually taken.

Withal Jordan did not state that he verified any events that took place at the hub in Las Vegas by way of research he personally conducted and also did not declare or disclose that signing by way of wet ink signature was not a practice. This is why Plaintiff declared his testimony hearsay as he has not confirmed or denied Plaintiffs affirmations.

## MOTION TO STRIKE

Plaintiff hereby motions to strike Doc#5 entirely and especially Jordan Firman's Declaration, and Doc#14 entirely and especially Defendants Certificate of Completion as it is frivolous and uncredible and not evidence proper. No evidence Defendants filed to favor arbitration or show cause for leave are sufficient or show trustworthy and credible support in findings considering Plaintiffs opposition and reasons for reconsideration. Let this Court acknowledge this meritorious defense prima facie for the purpose of reconsideration but not be limited to.

## DEFENDANTS CREDIBILITY WHEN IT COMES TO HONORING THE LAW

Carvana has a history of operating against the law. For example, Carvana license to sell automobiles in the state of Illinois was suspended and they continued to do so against the Orders of the Illinois Secretary of State. Carvana has shown disregard for the law on multiple occasions as they have a number of lawsuits against them for not providing consumers/customers with their registrations and titles all over the nation. Their credibility as being trustworthy and honorable business operators is not even questionable

with the amount of proof there is of their disregard for the law. Them forging Plaintiffs personal identification information for their benefit fits their business nature/business practice as their intent is for their own personal gain and to extort customers selfishly without caring about repercussions. See Exhibit B which is according to FOX 32 Chicago and Doc #: 18-35 Filed: 10/31/22 1 through 22. PageID #: 349

Let this Court acknowledge Defendants history and credibility prima facie for reason to reconsider but not be limited to.

### DEFENDANTS ARGUMENT

In Defendants Memorandum Doc #: 5-1 Filed: 10/11/22 they argued the following:

1. The Federal Arbitration Act and Georgia Law Apply to compel Plaintiff to arbitration
2. "The Arbitration Agreement Is Valid and Enforceable"

"Under Georgia law, an arbitration agreement, like any other contract, requires only (1) an offer, (2) acceptance, and (3) consideration." And claimed that "Each of these elements is satisfied here. Carvana made an offer by providing Plaintiff the RPA, Security Agreement, and Arbitration Agreement setting forth the terms on which Carvana would sell and finance the Vehicle." And further claimed that Plaintiff signed all three agreements and accepted the Vehicle, manifesting acceptance of the terms set forth in those agreements." Conjointly the mere fact that Plaintiff is demanding title for the rightfully vested automobile does not constitute as lawful acceptance as it is nowhere stated in the contract or agreement that it does.

As this Court notices an issue to which state law bounds the contract/agreements within this matter let it be acknowledged that federal law supersedes state law as it is impossible to comply with both pursuant the Supremacy Clause of the United States Constitution U.S. Const. art. VI., § 2.

In Defendants filings Defendants failed to present that they provided Plaintiff with full disclosures pursuant to The Electronic Signature Global And National Commerce Act and the General Rule of

Validity 15 U.S. Code § 7001 in its entirety which in fact are federal laws that supersede their "Valid and Enforceable" argument pursuant to Georgia Law.

Defendants argue that a contract relating to such transaction may not be denied legal effect, validity, or enforceability solely because an electronic signature or electronic record was used in its formation. However, pursuant to 15 U.S. Code § 7001(b)(2) within the General Rule for Validity regarding electronic signatures/transactions affecting interstate commerce it does not require any person to agree to use or accept electronic records or electronic signatures, other than a governmental agency with respect to a record other than a contract to which it is a party. Plaintiff has not agreed to accept the electronic signature record as Plaintiff has requested this Court for the original signature.

As Carvana claims Plaintiff signed electronically without providing the demanded original/wet ink signed instrument that would have given them consent prior to initiating electronic records unlike the not so affirmative "check this box" option they appear to claim is the only necessary condition that binds Plaintiff, but never disclose whether they provide an option to not agree at the time of purchase. Hypothetically speaking it could be possible that that page was swiped and overlooked and accidentally checked. There's no follow up affirmative action to support the check.

It is not mandatory to consent to arbitration in order to purchase the automobile which makes their argument that Plaintiff accepted the offer(s) and the consideration for purchasing the automobile not sufficient enough based on the facts stated herein. Refer to 15 U.S. Code § 7001(b)(2) as it states parties are not required to use or accept electronic record.

Jordan even affirms the allegedly signed arbitration agreement even mentions consumer has a right to reject which shows cause that it is not an obligation to consent in order to purchase an automobile from Carvana. Carvana in fact never disclosed or filed that requirement.

Refer to Doc #: 5-4 Filed: 10/11/22 4 of 8 In Section E Carvana states "we will comply with all applicable federal, state and local law and regulations." Carvana has failed to provide Plaintiff with proper Consumer Disclosures pursuant Section 101(c)(1) of Title I of the "E-Sign Act" and The General Rule of Validity with 15 U.S. Code § 7001 which in fact makes their electronically signed documents invalid and unenforceable which aligns with the saving grounds that exist at law within the Federal Arbitration Act.

### AUTHORITY, LAWS, DEFINITIONS IN SUPPORT

1. The Electronic Signatures In Global And National Commerce Act
2. 15 U.S. Code § 7001 General Rule of Validity
3. U.S. Const. art. VI., § 2

The Electronic Signatures in Global and National Commerce Act (E-Sign Act):

Signed into law on June 30, 2000, provides a general rule of validity for electronic records and signatures for transactions in or affecting interstate or foreign commerce. Subject to certain exceptions, the law's effective date is October 1, 2000, with record retention requirements effective beginning March 1, 2001. Included among the E-Sign Act's provisions is a section addressing the use of electronic records for an institution that wishes to exclusively provide electronic disclosures to consumers in lieu of written disclosures. Specifically, Section 101(c)(1) of Title I allows a financial institution to issue electronic records to a consumer to satisfy any statute or regulation that requires such information to be in writing, after first obtaining the consumer's affirmative consent. Before consent can be given, a consumer must be provided with information regarding:

- any right or option to receive a disclosure in paper form;
- whether the consent applies only to a particular transaction or to categories that may be provided during the course of the parties' relationship;

- the right to withdraw consent to have records provided electronically, including any conditions, consequences, or fees associated with doing so. The institution must describe the procedures for withdrawing consent and for updating information needed to contact the consumer electronically;
- how the consumer may obtain a paper copy of the record upon request; and
- the hardware and software requirements for access to and retention of the electronic information.

Institutions currently providing electronic disclosures or statements to consumers (pursuant to final and/or interim rules issued by the Federal Reserve Board) should note that agreements reached with consumers prior to October 1, 2000, to deliver information electronically, are exempt from the requirements of Section 101(c)(1). However, for any agreements made with new or existing customers on or after October 1, 2000, the requirements of Section 101(c)(1) will supersede all other consumer consent procedures relating to the use of electronic disclosures set forth in other regulations.

Financial institutions should review any products delivered through electronic means and the systems that support them to ensure compliance with applicable provisions of the Act.

General Rule of Validity 15 U.S. Code § 7001:

15 U.S. Code § 7001(c)(1)(A), Consent to electronic records

Notwithstanding subsection (a), if a statute, regulation, or other rule of law requires that information relating to a transaction or transactions in or affecting interstate or foreign commerce be provided or made available to a consumer in writing, the use of an electronic record to provide or make available (whichever is required) such information satisfies the requirement that such information be in writing if—

(A)the consumer has affirmatively consented to such use and has not withdrawn such consent;

15 U.S. Code § 7001(b)(2) Preservation of rights and obligations This subchapter does not- require any person to agree to use or accept electronic records or electronic signatures, other than a governmental agency with respect to a record other than a contract to which it is a party.

15 U.S. Code § 7001(c)(1)(B), the consumer, prior to consenting, is provided with a clear and conspicuous statement

15 U.S. Code § 7001(c)(1)(B)(i), informing the consumer of (I) any right or option of the consumer to have the record provided or made available on paper or in nonelectronic form, and (II) the right of the consumer to withdraw the consent to have the record provided or made available in an electronic form and of any conditions, consequences (which may include termination of the parties' relationship), or fees in the event of such withdrawal;

15 U.S. Code § 7001(c)(1)(B)(ii), informing the consumer of whether the consent applies (I) only to the particular transaction which gave rise to the obligation to provide the record, or (II) to identified categories of records that may be provided or made available during the course of the parties' relationship;

15 U.S. Code § 7001(c)(1)(B)(iii), describing the procedures the consumer must use to withdraw consent as provided in clause (i) and to update information needed to contact the consumer electronically; and

15 U.S. Code § 7001(c)(1)(B)(iv), informing the consumer (I) how, after the consent, the consumer may, upon request, obtain a paper copy of an electronic record, and (II) whether any fee will be charged for such copy;

15 U.S. Code § 7001(c)(1)(C)(i), the consumer—
(i)prior to consenting, is provided with a statement of the hardware and software requirements for access to and retention of the electronic records; and

15 U.S. Code § 7001(c)(1)(C)(ii), consents electronically, or confirms his or her consent electronically, in a manner that reasonably demonstrates that the consumer can access information in the electronic form that will be used to provide the information that is the subject of the consent; and

15 U.S. Code § 7001(d)(1)(A) If a statute, regulation, or other rule of law requires that a contract or other record relating to a transaction in or affecting interstate or foreign commerce be retained, that requirement is met by retaining an electronic record of the information in the contract or other record that—
(A)accurately reflects the information set forth in the contract or other record; and

15 U.S. Code § 7001(d)(1)(B) remains accessible to all persons who are entitled to access by statute, regulation, or rule of law, for the period required by such statute, regulation, or rule of law, in a form that is capable of being accurately reproduced for later reference, whether by transmission, printing, or otherwise.

U.S. Const. art. VI., § 2

Notice that pursuant the Supremacy Clause of the United States Constitution establishes that state laws are subordinate to federal laws and regulations. Federal laws govern state law due to it being impossible to comply with both federal and state law. The requirements of Section 101(c)(1) of the E-Sign Act will supersede all other consumer consent procedures relating to the use of electronic disclosures set forth in other regulations, therefore superseding Defendants argument that Georgia Law applies to compel arbitration.

According to www.law.cornell.edu unconscionability is defined as A defense against the enforcement of a contract or portion of a contract. If a contract is unfair or oppressive to one party in a way that suggests abuses during its formation, a court may find it unconscionable and refuse to enforce it. A contract is most likely to be found unconscionable if both unfair bargaining and unfair substantive terms are

shown. An absence of meaningful choice by the disadvantaged party is often used to prove unfair bargaining.

According to Black's Law Dictionary 4th Edition Unconscionable Conduct is defined as Conduct that is monstrously harsh and shocking to the conscience. Domus Realty Corporation v. 3440 Realty Co., 179 Misc. 749, 40 N.Y.S.2d 69, 73.

According to Black's Law Dictionary 4th Edition Validity is defined as Legal sufficiency, In contradistinction to mere regularity. Home Ins. Co. of New York v. Gaines, 74 Colo. 62, 218 P. 907, 908.

According to Black's Law Dictionary 4th Edition Credibility is defined as Worthiness of belief; that quality in a witness which renders his evidence worthy of belief. After the competence of a witness is allowed, the consideration of his *credibility* arises, and not before. As to the distinction between competency and credibility. Smith v. Jones, 68 Vt. 132. 34 A. 424

These laws supply sufficient evidence for reasons to reconsider withstanding all other requests to reconsider prima facie.

## SPECIAL REQUEST

The definition of copy in Black's Law Dictionary 4th edition says a copy is the transcript or double of an original writing; as the copy of a patent, charter, deed, etc. Plaintiff requests this Court Compel the original form "document" to be produced that was and would have been signed in wet ink to accurately favor the alleged arbitration agreement.

Plaintiff requests this Court to compel answers for the following genuine issues:

1. What is a copy and what is an authoritative copy? It is a copy of what? Plaintiff believes it is to be a copy of the original that it is claimed to being a copy of. Maybe it was scanned into DocuSign.
2. Is there a verification process to verify, validate, or authenticate if the signer is actually present or signing by email?
3. When or did Carvana email Plaintiff an invitation to view any documents within DocuSign.
4. Compel an answer for what makes this copy unmodifiable as it is only a copy view that can be fixed to deceive and shows signs of being improperly withheld from Plaintiff. Recall how the documents display documents were redacted on both envelope details.
5. What information did Carvana need to obscure or remove from DocuSign for both contracts?

### CAUSE OF FURTHER DAMAGE

It would cause further harm to favor arbitration as it may be an overwhelmingly long and drawn out process. Plaintiff experiences emotional distress daily and has been prescribed anxiety and sleep medication due to the amount damage caused by Defendant(s) including those in the motion for additional Defendants filed by Plaintiff. It is a challenge for Plaintiff to sleep, and at times breathe and eat. Conjointly, as Plaintiff has done and continues to do due diligence Plaintiff attention is away from family and wishes to not continue this behavior as it has caused an influx of damage within Plaintiffs household making it unstable. Not to forget to mention the amount of damage it has done to Plaintiffs credit from Defendants adverse actions/derogatory remarks in credit report including other adverse actions caused as a result. This is holding Plaintiff back from providing a stable home for family. Plaintiff also has lost business because of this whole consuming experience with Defendants and those wished to be added because of the mental space that it has placed Plaintiff. Plaintiff wishes for this matter to be heard and tried within this Court. Every month Plaintiff and fearful to admit within this motion for reasons that the Defendants may find a way to obstruct Plaintiff as Plaintiff has to already fight for legal right to operate the 2018 automobile, what rightfully and lawfully vests in the possession and ownership

of Plaintiff. Plaintiff experiences paranoia after Bridgecrest's unrightful attempt to steal Plaintiffs property. Sounds of loud trucks, or unknown passers causes Plaintiffs heart to palpitate. Not to mention the embarrassing aspect of not having plates after 18 months of acquiring the 2018 automobile in the presence of family and peers. Unitedly, it would be an injustice as Plaintiff has provided substantial evidence and effort to prove the alleged arbitration agreement is not valid and not enforceable.

It would cause no harm for Defendants if arbitration is saved only justice.

## CONCLUSION

Herein Plaintiff has showed strong meritorious defenses and substantial reasons for this Court to reconsider and requests this Court save arbitration and reconsider and reopen this case and vacate the judgement entry order to compel arbitration and dismiss Plaintiffs claims and the denied as MOOT motions filed by Plaintiff and conjointly honor Plaintiffs motions herein and request to compel answers and proceed with a hearing for Plaintiffs Amended Complaint Without Leave. Justifying reconsideration requires a moving party to: (1) demonstrate an intervening change in the controlling law; (2) establish that new evidence is available; or (3) prove that a clear error occurred, or reconsideration is necessary to prevent manifest injustice. See Louisville/Jefferson Cnty. Metro Gov't v. Hotels.com, L.P., 590 F.3d 381, 389 (6th Cir. 2009). A manifest injustice, clearly apparent or obvious on its face, will occur if the motion for reconsideration is not granted and it would be an atrocity of this Court to allow the Defendants fraud and deceptive acts to prevail.

I declare that under penalty of perjury that the information herein is true and correct to the best of my knowledge and belief.

Honorably Filed By:

By: *[signature]*

By: Hendking, Yaniesha-P/Surety/Grantee Absolute All Rights Reserved
c/o 5247 Wilson Mills Rd #1013
Richmond Heights Ohio [44124]